JAMES H. LASSITER v. W. T. STAINBACK, et al.

*Partnership—Trust—Individual Indebtedness of Partner to Partnership.*

1. While, as to matters pertaining to the partnership business, each partner is a trustee for the partnership, such relation is not created between the individual partners as to transactions not connected with the partnership business.

2. Where a partner with the knowledge and consent of the other partner used the firm's money to pay for improvements on his own land, charging himself with the money upon the books of the firm, he became the individual debtor of and not a trustee for the firm, and the other partner cannot follow the fund and have it declared a lien upon the improvements.

LASSITER *v.* STAINBACK.

CIVIL ACTION, heard before *Boykin, J.,* upon exceptions to a referee's report, at February, 1896, Term of VANCE Superior Court.

The principal matter and issue arising upon the pleadings and submitted to the referee for his determination was whether or not the defendant, Charles E. Stainback, during the continuance of the firm of Lassiter, Stainback & Co., took and applied to his own use, without the plaintiff's knowledge or consent, assets of the firm in erecting a dwelling house in the town of Henderson. It was to the referee's decision in favor of the defendant upon this contention, and to the conclusion of law thereon that the partnership had no lien upon such dwelling house for the moneys so used by Stainback, that the plaintiff filed his exceptions. The referee's report and findings of fact and law upon such issue were sustained by his Honor, and the plaintiff appealed.

*Messrs. T. M. Pittman* and *T. T. Hicks,* for plaintiff (appellant).
*Mr. A. C. Zollicoffer,* for defendants.

FURCHES, J.: Plaintiff and defendant were partners in a mercantile business. The plaintiff was indebted to the defendant at the time of forming this partnership $1,694.43. But defendant said to plaintiff, " I will not put this in the partnership; I want to buy a lot and build for me a house out of this money." The plaintiff replied, " That is right; I want to sell you a lot," which he afterwards did at the price of $300, and the price was credited to the plaintiff on the $1,694.43 debt, and plaintiff made him a deed for the lot. Soon thereafter the defendant commenced building on this lot, and to pay for the same out of the partnership assets, a d to charge the same to his individual account

on the books of the concern.    The plaintiff had full knowledge of this, as the books were examined by him daily, and he made no objection to this course of the defendant until some three years after, when it was found that the partnership and the defendant were both insolvent.    He now seeks to follow this fund, used for building the house, and have it declared a lien thereon.

The law constitutes each partner an agent and trustee for the partnership, as to such matters as pertain to the partnership business.    *Taylor* v. *Russell* at this Term. But the partnership does not create these relations of agent and trustee between the individual members of the partnership as to other transactions not connected with the partnership business.    Therefore, while the defendant was the agent and trustee of the partnership as to the business of, or connected with the partnership, he was not its agent or trustee to buy a lot and build a house on it for himself.    So we see that plaintiff cannot follow the fund and have it declared a lien on the house because the defendant was a member of the partnership.

If he can follow the fund and have it declared a lien, it is upon the ground that the defendant had used the partnership funds, and that equity will declare a trust from this fact.    But where there are no contractual relations between the parties, that create a trust, a Court of Equity will not do so, unless there is fraud or bad faith.    2 Pom. Eq. Jur., Sec. 1044.    If I give A $1,000 to buy a tract of land for *me*, and A buys the land and pays for it out of the thousand dollars, but takes the deed to himself, he has acted in bad faith and equity will declare him my trustee and compel him to convey.    If A take $1,000 of my money without my knowledge or consent, and buys land with it, and takes the deed to himself, equity will declare him my trustee and compel him to convey on account of the fraud.

LASSITER *v.* STAINBACK.

But if A says to me there is a tract of land to be sold that I want to buy, but I have not the money; I give him the money and say, "Go and buy it," and he does so, pays the thousand dollars I gave him and takes the deed to himself, equity will not declare him my trustee and compel him to convey, because there has been no fraud or bad faith practiced by A, and the money I let A have will be regarded as a loan. And this action, to declare a lien on the house, involves the same principle as that we have been discussing, and plaintiff would ask to have the defendant declared a trustee and for a conveyance but for the fact that the lot upon which the house was erected was the defendant's lot and not involved in this controversy. When the defendant used the money of the partnership in building the house, with the knowledge and consent of the plaintiff, and charged it to his individual account, he then became the individual debtor of the partnership, and the funds used became his individual funds, so in legal contemplation the defendant did not build the house out of the partnership assets, but out of his own means. The whole trouble has arisen from the fact that the defendant has become insolvent and the firm has to lose its debt against him. It is from the result and not from the cause.

It was questioned whether money used in the improvement of real estate belonging to another could be followed and made a charge on such real estate. It seems to be held in some of the States that it could, but no authority was cited where it has been so held in this State; but we have not considered this question, as the case goes off on other grounds. There is no error, and the judgment is affirmed.

Affirmed.