137 485
163 614

ANDREW J. MICHAEL *et al.*

*v.*

MARTHA A. MACE *et al.*

*Filed at Springfield May 11, 1891.*

1. CHANCERY—*rule to answer cross-bill—decree pro confesso.* A widow and a portion of the heirs of a deceased person filed their bill against the remaining heirs for the partition of land and the assignment of dower and homestead, and leave was granted to the complainants to make three of their number defendants, and they answered, and each filed a cross-bill seeking relief against the two original defendants. The original bill was taken for confessed as to two non-resident defendants, but no rule was made requiring them to answer the cross-bills, and they were not taken as confessed: *Held*, that the two original defendants might question the sufficiency of the evidence upon which a decree was rendered against them under the cross-bills.

2. A defendant in a cross-bill is under no duty, statutory or otherwise, to answer such bill until he is ruled to do so by the court, and it is error to take a decree against him under the cross-bill, without any such rule, or default, or order, taking such bill for confessed.

3. SAME—*publication of notice—sufficiency—failure to name place of return of summons.* A certificate of the publication of a notice to non-resident defendants in chancery stated that the first publication was on August 18, 1888, while the certificate of the clerk stated that he mailed copies thereof on August 17, 1888, and "within ten days after the first publication of the notice:" *Held*, under the presumption of law that the clerk performed his duty, that the statement that he mailed the printed notices prior to the time they were printed should be rejected, and that the latter part of his statement should stand, and was sufficient.

4. A notice, by publication, to non-resident defendants in a suit in chancery, of the pendency of the suit, will not be held bad by its failure to formally name the place of the return of the summons, if the publication contains substantially notice of this, as, when it gives the venue of the suit, and states that the bill is pending in the proper county. The law fixes the place of holding the court, and makes the summons returnable at such place.

5. The statute relating to the publication of notice to non-resident defendants in chancery should not receive such a strict construction as to endanger the validity of titles and the stability of legal proceedings. The true test of the validity of such notice is not whether it is

formally and technically accurate, but whether the object and intent of the law are substantially attained thereby.

6. Same—*rule to answer—when default taken.* Where a non-resident defendant in chancery has been duly served by publication of notice, he is, by the Chancery act, required to except, demur or plead to the bill on or before the return day of the summons, and the entry of a rule requiring him to answer is unnecessary before taking his default.

7. Where the record fails to show that a formal default of a non-resident defendant was entered, but the decree recites that he "failing to plead, answer or demur to said bill, it is ordered, adjudged and decreed by the court that the same be taken *pro confesso* against" him, this will be sufficient.

8. Same—*amended bill—leave to file cross-bill.* Where parties are made defendants to a bill under leave to amend the same, if they appear and answer they will be entitled to file cross-bills, and call upon the defendants therein to answer in such time as may be prescribed by the court.

9. Same—*decree contradictory to findings and master's report.* A decree which is inconsistent with and contradictory of its findings, and contrary to the report of the master, which is confirmed without exceptions, is erroneous.

10. Evidence—*to establish resulting trust against heirs—competency of complainant as witness.* On a cross-bill seeking to establish a resulting trust against the heirs of a deceased person, the complainant in the cross-bill is not a competent witness to show that their ancestor held the property in trust for him.

Writ of Error to the Circuit Court of Vermilion county; the Hon. Edward P. Vail, Judge, presiding.

This was a bill in chancery, filed by Catherine L. Michael, James K. Michael, John B. Michael, Martha A. Mace, Mary H. Smith and Jane Taylor, against Andrew J. Michael and Thomas F. Michael. The substance of the bill was, that Robert Michael died April 18, 1888, seized in fee simple of a certain described eighty-acre tract of land and of a number of other described tracts of land, and left surviving him, the complainant Catherine L. Michael as his widow, and the other complainants and the defendants as his only heirs-at-law; that Catherine L. occupied said eighty-acre tract of land as a

homestead, and was entitled to an estate of homestead there-in, and entitled to dower in all of the lands, and that each of the other parties to the suit was seized of an undivided one-seventh of said lands, subject to said homestead and dower estates. The prayer of the bill was for partition and for the assignment of dower and homestead.

Afterwards, an order was made allowing the bill to be amended by making said Catherine L. Michael a party defend-ant, and another order was entered allowing the bill to be amended by making said Mary H. Smith a party defendant, and still another order was entered allowing the bill to be amended by making said Martha A. Mace a party defendant. No one of these amendments, however, was in fact made to the bill, but said Catherine L. Michael, Mary H. Smith and Martha A. Mace all filed answers to said bill. Thereupon the said Mary H. Smith, Martha A. Mace and Catherine L. Michael each exhibited a cross-bill, to which said Andrew J. and Thomas F. Michael, and also the complainants in the original bill, were made defendants,—the cross-bills of said Smith and said Mace each claiming certain rights and equities in respect to the lands left by said Robert Michael, deceased, and the cross-bill of said Catherine L. claiming that she was the owner in fee of the legal title to an undivided one-eleventh of said eighty-acre tract, and the equitable owner in fee of an undivided two-elevenths of said tract, making in all three-elevenths of said tract. The relief prayed for in each of said three cross-bills was granted in the final decree which was en-tered by the court. Said Andrew J. and Thomas F. Michael did not answer either of said cross-bills, nor was any rule entered upon them to answer either of them, nor was any de-fault or decree *pro confesso* entered against them in respect to either. Said Andrew J. and Thomas F. did not answer the original bill, and the summons in chancery issued against them in the cause was returned "not found." An affidavit was filed in the suit stating that they were non-residents of the State,

and, upon information, that they were residents of Calaway, in the State of Nebraska.    Notice was given by publication in a newspaper, which was as follows :

"PUBLICATION NOTICE.

"STATE OF ILLINOIS, ⎰ *ss.*          In the Circuit Court,
   *Vermilion County.* ⎱          October Term, 1888.

   "Catherine L. Michael, James K. Michael, John B. Michael, Martha A. Mace, Mary H. Smith, Jane Taylor, *v.* Thomas F. Michael and Andrew J. Michael.—*In chancery, No. 4107.*

   "Affidavit of the non-residence of Thomas F. Michael and Andrew J. Michael, the above defendants, having been filed in the clerk's office of the circuit court of said county, notice is hereby given to the said non-resident defendants that the complainants filed their bill of complaint in said court, on the chancery side thereof, on the 16th day of August, 1888, and that thereupon a summons issued out of said court wherein said suit is now pending, returnable on the first day in the month of October next, as is by law required.

                                        A. S. W. HAWES, *Clerk.*
"Dated this 16th day of August, 1888."

   The certificate of the publisher of the newspaper stated that said notice was published four successive weeks, commencing on the 18th day of August, 1888, and ending on the 8th day of September, 1888.    The certificate of the clerk of the court stated that he mailed a copy of the notice to the defendants "on the 17th day of August, A. D. 1888, being within ten days after the first publication of the notice."

   The cause was referred to the master in chancery to take testimony, and to report the same, together with his conclusions, to the court.    The master reported the testimony, and also made a report of his conclusions.    He reported, among other things, that Robert Michael died seized of all the real estate described in the bill of complaint, except an undivided one-eleventh interest in the eighty-acre tract ; that Catherine

L. Michael was entitled to the fee simple interest of one-eleventh part of said tract, and also to a homestead estate in said tract, and that she was also entitled to dower in all the residue of the real estate of the deceased after the assignment of homestead. No exceptions were filed by any one to the report of the master. The cause was heard by the court upon the bill, cross-bills and answers, and the report of the master in chancery. A decree was entered by the court, which, among other things, approved and confirmed the report of the master, and decreed that said Catherine L. Michael was the owner in fee simple of an undivided three-elevenths of said tract of land containing eighty acres.

The present writ of error was sued out by Andrew J. Michael and Thomas F. Michael, plaintiffs in error, for the purpose of reversing the decree which was rendered by the circuit court. The facts upon which are predicated numerous assignments of error that are not noticed in the opinion of the court, are omitted from this statement. Since the suing out of the writ of error the death of said Catherine L. Michael has been suggested on the record, and it has further been suggested that by her last will she devised all her property to Martha A. Mace, one of the defendants in error.

Mr. J. B. MANN, for the plaintiffs in error:

The notice by publication was insufficient, in failing to state the place of holding court. Rev. Stat. chap. 22, sec. 12.

The certificate of the clerk as to mailing a copy is deficient, as it shows a mailing before publication.

The defendants were not ruled to answer either of the bills. It was error to default them before a rule to plead.

The fifth error assigned is, that there was no default taken against the defendants on the cross-bills, nor were these bills taken for confessed against them. The uniform practice is to rule the defendants to answer, and upon their failing to do so, to take a default and decree *pro confesso.*

The sixth error assigned is, that the decree is contrary to the report of the master. The cause was referred to the master to take testimony and report the same, with his conclusions. The master, having taken the testimony, reported that Catherine L. Michael was entitled to the undivided one-eleventh of the west half of the north-east quarter of section 31, town 20, north, range 12, west, and was entitled to dower and homestead in the balance of the premises. The decree confirms and approves the report of the master, and finds that Catherine L. Michael is seized in fee simple of the undivided three-elevenths of said above described eighty acres. Here is a discrepancy between the report of the master and the decree, which constitutes a fatal error. There is no recital in the decree that other testimony was heard, but the decree was taken upon the report of the master. There were no exceptions to the report of the master, which found Catherine to be entitled in fee simple to only the undivided one-eleventh share.

The seventh error assigned is, that the decree is contrary to the evidence. There was no evidence introduced save the report of the master, nor does the decree purport to be rendered upon any other testimony.

The eighth error assigned is, that the decree is not supported by the allegations of the original bill. It will be noticed that the original bill was never in fact amended. It avers that Robert Michael was seized in fee of all the premises described in the bill of complaint, whereas the decree finds that he was seized of the undivided eight-elevenths of one eighty-acre tract.

The ninth error assigned is, that the decree was rendered in part upon the cross-bill of Catherine L. Michael. This was error, as a cross-bill is neither proper nor necessary in a proceeding for partition. *Prichard* v. *Littlejohn,* 128 Ill. 123.

Mr. GEORGE R. TILTON, for the defendants in error:

As to the sufficiency of the notice by publication, see *Goudy* v. *Hall*, 30 Ill. 109; *Clark* v. *Marfield*, 77 id. 258.

The mistake in the clerk's certificate could not work any injury. *Schaefer* v. *Kienzel*, 123 Ill. 430; *Sloan* v. *Graham*, 85 id. 26.

The fourth error assigned is, that neither the decree nor the record recites that the defendants were ruled to answer to the original bill or cross-bill. It is not necessary that a rule should be entered upon the record requiring defendants to answer. In *Grob* v. *Cushman*, 45 Ill. 119, the court say: "We have been referred to no law or rule of practice, nor are we aware of any, which requires the court to enter such a rule." The decree recites that the defendants failing to plead, answer or demur to the bill, it was ordered by the court that the same be taken *pro confesso* against said defendants. We think this sufficient. (*School Directors* v. *School Directors*, 73 Ill. 249.) It is not necessary to state in a decree that all the preliminary steps toward maturing the cause for hearing were taken, it being intended, where the cause was set for hearing, that it was regularly done, unless the party attempting to impugn the decree shows the contrary. *Quarrier* v. *Carter*, 4 H. & M. 242.

The fifth error assigned is, that there was no default taken against the defendants on the cross-bills, nor were these bills taken for confessed against them. The law does not require that default shall be taken against the defendants not answering, and an entry made on the docket showing that fact. "It is the duty of a defendant to a bill to appear at the time he is required by the summons, and to interpose his defense, and failing to do so, he is in default, and the bill may be taken *pro confesso* against him." (*Grob* v. *Cushman*, 45 Ill. 119.) It is not necessary that it should appear formally on the record that the bill had been taken for confessed. (*Savage* v. *Berry*, 2 Scam. 545.) The law presumes that every essential

step was taken, and where the record or other competent evidence before the court fails to show whether some jurisdictional step was taken, it will generally be presumed that the court granting the partition did not proceed without taking every essential step. Freeman on Co-tenancy and Partition, p. 700, sec. 528.

The seventh error assigned is, that the decree is contrary to the evidence. A party against whom a bill has been taken for confessed can not complain, and assign for error that the proof is insufficient. *Manchester* v. *McKee,* 4 Gilm. 511; *Farnsworth* v. *Strasler,* 12 Ill. 482.

The eighth and ninth errors assigned are, that the decree is not supported by the allegations in the original bill, and that the decree was rendered in part on the cross-bill of Catherine L. Michael. The decree is supported by the allegations in the original bill, and, except so far as the claim of Catherine L. Michael is concerned, it is supported by the allegations in the cross-bill. The plaintiffs in error can not now raise the objection that it was improper to file the cross-bill. By not objecting to it on the trial of the case they admit that it is a proper pleading. *Prichard* v. *Littlejohn,* 128 Ill. 123.


Mr. Justice Baker delivered the opinion of the Court:

It is claimed that the notice by publication was insufficient, because it failed to state the place of holding court. Section 12 of the Chancery act provides that such publication shall contain notice of the pendency of the suit, the names of the parties thereto, the title of the court, and the time and place of the return of summons in the case. Here, the notice was dated August 16, 1888, and the venue stated therein was, State of Illinois and Vermilion county, and it was entitled of the October term, 1888, of the circuit court, and it gave information that the bill had been filed in the circuit court of the county named in the caption, that the suit was pending

in said court, and that a summons had issued out of said court returnable on the first day of October then next. Section 20, of chapter 37, of the Revised Statutes, provides that the circuit courts of the several counties of this State shall be held in the court houses of such counties, except as otherwise provided by law. The summons was legally required to be returned to the court from which it emanated. The notification was, that that court was the circuit court of Vermilion county, in the State of Illinois, and said court, in the absence of provision of law otherwise, was necessarily in the court house of Vermilion county, at the county seat of Vermilion county. While the place of the return of the summons in the case was not formally mentioned in the notice, yet the publication made substantially contained notice of such place. A construction so strict that it would endanger the validity of titles and the stability of legal proceedings should not be placed upon the statute. The real question is, and should be, not whether the notice given was formally and technically accurate, but whether or not the object and intent of the law was substantially attained thereby. We think that the conclusion we have reached on this point is in conformity with the decisions of this court in *Goudy* v. *Hall*, 36 Ill. 313, and *Clark et al.* v. *Marfield*, 77 id. 258.

The certificate of the publisher states that the first publication of the notice was on August 18, 1888, and the certificate of the clerk states that he mailed copies of the notice to the defendants on August 17, 1888, and "within ten days after the first publication of the notice." It is impossible that the clerk could have mailed the copies a day before they were in existence. The statute made it the duty of the clerk to mail the copies within ten days after the first publication, and it makes his certificate of that fact evidence. He expressly certifies the mailing "within ten days after the first publication," and the presumption is in favor of the performance of his official duty in that regard. The insensible statement that he

mailed the printed notice prior to the time it was printed'
should be rejected, and the sensible and pertinent statement,.
and which is in conformity with the requirements of law and'
of duty, and in consonance with the regularity of legal pro-
ceedings, should be allowed to stand.   (See, in connection
herewith, *Schaefer* v. *Kienzel et al.* 123 Ill. 430.)   Our conclu-
sion is, that the service by publication was such as conferred
upon the circuit court jurisdiction over the persons of plaintiffs.
in error.

It is objected that plaintiffs in error were not ruled to answer
the original bill.    The entry of such rule was unnecessary.
There having been due service upon them by publication, and
more than forty days having intervened between the first pub-
lication and the first day of the term, they were, by the Chan--
cery act, required to except, demur or plead to the bill, or
answer the same, on or before the return day of the summons.
issued in the cause.    (Rev. Stat. chap. 22, secs. 13 and 16.)
No formal default was entered against the defendants, but the·
decree recites that they "failing to plead, answer or demur to·
said bill, it is ordered, adjudged and decreed by the court that.
the same be taken *pro confesso* against the said Thomas F..
Michael and Andrew J. Michael."    This was amply sufficient..
*Grob* v. *Cushman*, 45 Ill. 119; *School Directors* v. *School Di--
rectors*, 73 id. 249; *Savage et al.* v. *Berry*, 2 Scam. 545.

We do not deem it necessary to pass upon the effect of the·
fact that while leave was given to amend the bill by making
three of the complainants therein,— Catherine L. Michael,
Mary H. Smith and Martha A. Mace,—parties defendant, yet
that no amendment thereto was in fact made.    We will as--
sume, for the purposes of the decision, that the persons named'.
became and were defendants to the original bill, and as such
were entitled, after answering the same, to exhibit their re-
spective cross-bills.    They having filed their several cross-
bills, were entitled to call upon the defendants thereto to
answer the same in such time as should be prescribed by the·

court. (Rev. Stat. chap. 22, sec. 30.) No rule was entered against plaintiffs in error to answer either of said cross-bills, nor was any default taken against them on either of the cross-bills, nor was any order entered taking either of said cross-bills for confessed as against them. No statutory or other duty was imposed upon plaintiffs in error to answer said cross-bills until called upon by the complainants therein and by rule of court so to do. They were in nowise in default in respect thereto, and, as above stated, the court did not assume to default them thereon, or to take the cross-bills as confessed. Yet the court, in its final decree, took from them their interest in a three-elevenths part of an eighty-acre tract of land of which the original bill alleged their father died seized. This part of the decree was predicated upon the cross-bill of Catherine L. Michael, and was in the very teeth of the averments of the original bill. So, also, by said decree relief was granted Smith and Mace upon their cross-bills, and by which action of the court plaintiffs in error were deprived of valuable rights and interests. We think that in these respects there was manifest and substantial error in the proceedings and decree of the court.

The decree that was rendered by the court was contradictory to and inconsistent with itself. It expressly found that the allegations in the original bill of complaint were true, and that partition and division ought to be made as prayed for therein. It then proceeded to adjudge an undivided three-elevenths part of the tract of land containing eighty acres to Catherine L. Michael in fee simple. The cause had been referred to the master in chancery to take testimony and report his conclusions. He reported that Robert Michael died seized of all the real estate described in the bill of complaint, except one-eleventh of the homestead tract of eighty acres, and that Catherine L. Michael was the owner in fee simple of said one-eleventh. No exceptions were taken to this report, and with its conclusions the parties were presumably content. The

court heard the cause upon the pleadings and upon said report, and heard no additional testimony. It made an order expressly approving and confirming said report, and yet decreed three-elevenths of said eighty acres of land to said Catherine L. in fee simple.

One of the errors assigned is, that the decree is contrary to the evidence. It is insisted by defendants in error, that parties against whom a bill has been taken for confessed can not complain and assign for error that the proofs are insufficient, citing, in that behalf, *Farnsworth* v. *Strasler*, 12 Ill. 482, and other authorities. The rule suggested has little, if any, application to the case at bar. Almost all of the evidence found in the record has reference only to the cases made by the cross-bills. As we have already seen, the cross-bills were not taken for confessed against plaintiffs in error, and could not properly have been so taken. It can not justly be claimed that they, by default or otherwise, have ever confessed the allegations of the cross-bills to be true. We have examined the testimony. As we understand it, it tends strongly to show that Catherine L. Michael was the owner of an undivided one-eleventh part of the homestead tract. The evidence to show a resulting trust in respect to an undivided two-elevenths interest therein, in addition, seems to be vague and unsatisfactory. Said Catherine L. was the principal witness to establish such trust, and she was manifestly an incompetent witness to establish the same as against plaintiffs in error, who defend as the heirs of their deceased father. It is also evident that they should have an opportunity to defend against the claims of said Catherine L.

There are various other alleged errors assigned upon the record, but the irregularities so complained of can readily be remedied upon the remandment of the case.

For the errors indicated in this opinion the decree is reversed and the cause remanded.

*Decree reversed.*