Sarah Boyd *et al.*

*v.*

Anna Boyd *et al.*

*Filed at Mt. Vernon November 11, 1896.*

1. Witnesses—*when complainant is incompetent by reason of interest.* A complainant in a cross-bill to establish a trust in lands is not a competent witness in her own behalf, where her adversaries defend as heirs of her deceased husband, and where her evidence is not within the exceptions of the statute.

2. Same—*what is not a sufficient interest to disqualify.* A daughter of complainant by a former husband has not such an interest in the event of a suit seeking to establish a trust in favor of her mother against the heirs of her deceased step-father, as to render her incompetent under the statute.

3. Same—*when sons of complainant are not incompetent.* Sons of a complainant in a cross-bill to establish a trust in her favor against the heirs of her deceased husband are not incompetent, by reason of interest, where their testimony is as much against as for their interest.

4. Evidence—*competency of grantors' testimony that their deed was intended to establish a trust.* The evidence of the grantors in a deed purporting to convey a joint title to the grantees is not incompetent on the ground of impeaching the title conveyed, where such evidence tends merely to show that such title, as to a one-half interest, was held in trust.

5. Laches—*not imputed to party in possession.* Laches cannot be imputed to a complainant seeking to establish a trust in lands held under a deed purporting to convey the same jointly to herself and husband, where, ever since the deed was executed, she has been in continuous possession of the land.

6. Appeals and Errors—*when admission of incompetent evidence will not reverse.* Evidence of a complainant seeking to establish a trust against the heirs of her deceased husband, though improperly admitted, will not reverse, when there is sufficient competent evidence to establish the case.

Writ of Error to the Circuit Court of Crawford county; the Hon. S. Z. Landes, Judge, presiding.

E. Callahan, for plaintiffs in error:

The plaintiff in the cross-bill is incompetent, as the plaintiffs in error defended against said cross-bill as the

heirs of their deceased ancestor. *Michael* v. *Mace,* 137 Ill. 496; *Kelsey* v. *Snyder,* 118 id. 544; *Holderman* v. *Gray,* 130 id. 442; *Dyer* v. *Hopkins,* 112 id. 168.

Grantors in a deed cannot, by their testimony, impeach, destroy or take away the title which they conveyed. *Long* v. *Long,* 19 Ill. App. 389.

The declarations of a grantor in a deed, made after the execution of the deed, cannot be received to prejudice the grantee. *Myers* v. *Kinzie,* 26 Ill. 37; *Randegger* v. *Erhardt,* 51 id. 103; *Jewett* v. *Cook,* 82 id. 262; *Phillips* v. *South Park Comrs.* 119 id. 640.

Where lands are bought with money of the wife and the deed is taken to both, the law will infer that she conferred on him the interest expressed in the deed, and no trust will arise by operation of law in favor of the wife or her heirs. *Lux* v. *Hoff,* 47 Ill. 425; *Cooper* v. *Cooper,* 76 id. 63.

The evidence of a resulting trust, after the lapse of years, must be clear, strong, unequivocal and unmistakable. *Strong* v. *Messenger,* 148 Ill. 431; *Goelz* v. *Goelz,* 157 id. 47; *McGinnis* v. *Jacobs,* 147 id. 24.

PARKER & CROWLEY, for defendants in error:

When real estate is purchased by the husband with funds of the wife, and title taken in him, a trust results to his wife, and the husband becomes a trustee for her. U. S. Digest, 1892, sec. 92; *Casey* v. *Casey,* 15 Ill. 112; *Denney* v. *Casey,* 22 id. 429; *Uhlich* v. *Muhlke,* 61 id. 499; *McDonald* v. *Fithian,* 1 Gilm. 269; *Ward* v. *Armitage,* 84 Ill. 151; *Davis* v. *Hamlin,* 108 id. 39; *Conant* v. *Riseborough,* 139 id. 391; *Vallette* v. *Tedens,* 122 id. 607; *Gruhn* v. *Richardson,* 128 id. 186; *Kilburn* v. *Sutherland,* 130 U. S. 505; 12 Am. & Eng. Ency. of Law, 578; Bispham's Eq. sec. 92.

Possession is notice of a party's rights, whatever they may be, and his equitable right cannot be questioned or *laches* imputed to him. 12 Am. & Eng. Ency. of Law, 606; *Wilson* v. *Byers,* 77 Ill. 76; *Newell* v. *Montgomery,* 129 id. 58; *Mills* v. *Lockwood,* 42 id. 111; *Buckman* v. *Cary,* 129 U. S. 387.

A party in possession may lie by and wait until his title is attacked and not be guilty of *laches.* 12 Am. & Eng. Ency. of Law, 606; *Orthwein* v. *Thomas,* 127 Ill. 568.

Mr. JUSTICE BAKER delivered the opinion of the court:

This is a bill for partition, filed by Sarah Boyd, William Boyd and Elizabeth Clark, heirs-at-law of James Boyd, deceased, against Anna Boyd, his widow, and the other heirs-at-law of the said deceased. The bill alleges that James Boyd died seized in fee of the undivided one-half, as tenant in common with Anna Boyd, his widow, of a certain tract of land in Crawford county, and prays partition of the same among the parties interested.

Anna Boyd filed her cross-bill, alleging, among other things, that on the 13th day of May, 1865, she, with her own separate money, purchased from one Charles Biggs the land described in the bill for partition; that James Boyd, then her husband, in violation of her rights and without her knowledge and consent, procured the deed to the same to be made to himself and to her, jointly; that upon the return of her husband with the deed she remained in ignorance of the fact that it had been made to him and her, jointly; that long after the deed had been executed she learned of the fact that it had been so made, and she refused to receive it, but that her husband retained possession of the deed for a considerable time, and that the same is now in her possession; that she has had possession and control of said real estate ever since the execution of said deed and still has possession and control thereof, and has always paid the taxes thereon from the time of the purchase of the land until the filing of her cross-bill, and that her husband disclaimed any interest whatever in said land. It further alleges that she is the owner in fee of an undivided one-half of said real estate and the equitable owner of the other half; that the legal title to the undivided one-half of the land taken to James Boyd was taken to him as her trustee.

It prays that the one-half so held by James Boyd be declared to be held in trust for her, and that the title to the entirety of the land sought to be partitioned be declared to be vested in her in fee simple.

The cause was heard before the chancellor in the Crawford circuit court, upon the original and cross-bills, answers and replications, and the report of the master in chancery. The court found the allegations of the cross-bill to be true, entered a decree in accordance with its prayer, and dismissed the bill for partition. This writ of error is sued out to reverse that decree.

It is contended that Anna Boyd, Alexander Boyd, Wilson M. Boyd and Charles and Jane Biggs, who testified in the cause, were not competent witnesses against the plaintiffs in error. It is manifest that Anna Boyd was not a competent witness to establish the trust set up in the cross-bill, for she is the complainant therein, and plaintiffs in error defend as the heirs of their deceased father. Starr & Curtis' Stat. chap. 51, sec. 2; *Michael* v. *Mace,* 137 Ill. 485; *Holderman* v. *Gray,* 130 id. 442; *Kelsey* v. *Snyder,* 118 id. 544.

Alexander Boyd and Wilson M. Boyd are the sons of James Boyd, deceased, and of Anna Boyd, and Jane Biggs is the daughter of Anna Boyd by a former husband. The claim is, they were not competent witnesses for the same reason their mother was incompetent, for, it is said, the establishment of a trust in favor of Anna Boyd would inure to their benefit as her prospective heirs. But this interest is too remote and uncertain to render them incompetent, for their mother may dispose of the property before she dies, or she may out-live her children. As to Alexander and Wilson M. Boyd, they are defendants in both the original and cross-bills, and testified against their own interests, since, as heirs of James Boyd, they would, in the event of a partition, get their respective shares of that portion of the land deeded to their father.

Plaintiffs in error urge that Jane Biggs was incompetent for another reason, which also rendered her husband, Charles Biggs, incompetent as a witness,—that is, because they are grantors in the deed to James Boyd and Anna Boyd of the land here in controversy. It is said that they cannot, by their testimony, impeach, destroy or take away the title which they conveyed to James Boyd. This latter proposition is true; but it is an answer to the objection made, that they did not seek to impeach or destroy the title they had conveyed, nor did their testimony have any such effect. It merely tended to establish that such title, as to a one-half interest therein, was held in trust. Their testimony was in relation to the negotiations leading up to the purchase of the property, and to a conversation between James Boyd, Solomon Biggs and the scrivener that occurred while the deed was being drawn up, and was competent and proper. But, disregarding the testimony of Anna Boyd, there is ample evidence in the record to establish the case set out in the cross-bill and to sustain the decree. Being so convinced, there is no reason why we should enter into a discussion of the evidence.

It is urged that her own *laches* is a bar to the equitable title of Anna Boyd, because she made no effort, from the time of the execution of the deed, in 1865, down to the filing of her cross-bill, to have the trust enforced. This position, however, is not tenable. She is shown to have been in possession during this entire period, and the doctrine of *laches* cannot, therefore, be invoked against her. *Newell* v. *Montgomery*, 129 Ill. 58; *Orthwein* v. *Thomas*, 127 id. 554; *Bush* v. *Stanley*, 122 id. 406.

The decree of the circuit court will be affirmed.

*Decree affirmed.*