**Joseph L. Whitlock, Trustee, Defendant in Error, v. Jennie E. Cummings, Plaintiff in Error.**

## Gen. No. 5394.

JURISDICTION—*when not acquired.* If no summons has been served upon a party and no appearance entered by him a personal judgment rendered against him *is erroneous and no intendments* will be indulged in its favor upon a direct proceeding to reverse.

Error to the Circuit Court of Bureau county; the Hon. R. M. SKINNER, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed March 16, 1911.

CHARLES T. FARSON and STERN, ANDERSON & DAVIS, for plaintiff in error.

No appearance by defendant in error.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

William Cummings died testate seized of certain real estate in Bureau county and left surviving him Marvin S., Melvin S., Byron H., Harvey D. and Orlando W. Cummings, his only children and heirs at law. His will was not admitted to probate. On January 9, 1909, Marvin S., Melvin S. and Byron H., their wives joining, filed a bill in the Circuit Court of said county to partition eight tracts of land of which William Cummings died seized. Among other things the bill alleged that Harvey L. and Jennie E. Cummings, his wife, had executed to Joseph L. Whitlock a trust deed on Harvey D. Cummings' 1/5 interest in the lands to secure a note executed by them. The bill made the other children and their wives, John I. Thompson, trustee, and Joseph L. Whitlock, trustee, defendants. The return on summons read: "Not found as to Harvey D. Cummings and Jennie E. Cummings." Three supplemental bills were filed in aid of the original bill. Whitlock, trustee, answered the bills, admitting their allegations, and averred that the trust deed was a first lien upon the interest of Harvey D. and Jennie E. Cummings in the premises, and asked that it be declared as such; and averred that he was entitled to a judgment for the deficit, if any remained after the application of the proceeds of the sale of their interest. He filed a cross bill containing substantially the same averments as set up in the answer, and asked for a judgment as at law; that execution issue thereon. The order referring the cause to the master found that Jennie E. Cummings had entered her appearance in writing, waiving service of summons. The record does not otherwise show that she entered her appearance. No such written appearance was contained therein, and the record is certified to be complete. The third supplemental bill was filed after the reference to the

master, and related to a matter immaterial here. The decree based on the master's report found that the five children of William Cummings, deceased, took the title to the real estate by descent, subject to the indebtedness secured by a trust deed to Thompson, and that Harvey D. Cummings' 1/5 interest was subject to the lien created by the trust deed executed to Whitlock. The lands were sold, and the master reported that Harvey D. Cummings' distributive share was $2,485.57 which was paid to Whitlock, trustee, to apply on the debt. On June 24, 1909, a personal judgment was entered in favor of Whitlock as trustee against Harvey D. and Jennie E. Cummings for $7,254.97 and execution was awarded. On June 29, 1909, the death of Harvey D. Cummings was suggested and the judgment was amended by eliminating his name therefrom; and Jennie E. Cummings sued out this writ of error to test the validity of the judgment.

The errors assigned are: that the court erred in entering the judgments of June 24 and 29, 1909.

Defendant in error has not filed briefs, but we will not indulge the presumption that he confesses the errors assigned, and we deem it unnecessary to discuss in detail all the points raised in support of plaintiff in error's contention, or to consider them in the order stated, and as the judgment was reformed by eliminating Harvey D. Cummings therefrom, no further reference need be made to him. Plaintiff in error was not served with summons and did not appear. Therefore the court never obtained jurisdiction of her person. As this is not a collateral proceeding, no intendments can be considered in favor of the order that erroneously found that she had entered her appearance.

Whitlock's cross-bill made plaintiff in error a defendant. No summons was issued thereon. No rule was entered to answer the cross-bill, nor were any defaults taken thereon, nor was there any order entered taking said cross-bill for confessed. Even if the cross-

bill was germane to the original bill, which we do not decide, yet no duty was imposed upon her to answer said cross-bill until the court had obtained jurisdiction of her person, and she had been called upon by the complainant by rule of court to do so.    Michael v. Mace, 137 Ill. 485.    Yet the court, in its final decree, entered a personal judgment against her.    Such action of the court was clearly without authority.

The decree is reversed and the cause remanded.

*Reversed and remanded.*