## COOK v. ELMORE.

(No. 856; Decided March 18th, 1918; 171 Pac. 261.)

EXECUTORS AND ADMINISTRATORS—POWERS AND DUTIES—COLLECTION OF RENTS AND PROFITS—LIMITATION OF ACTIONS—ACCRUAL OF CAUSE—TRUST—ESTABLISHMENT AND ENFORCEMENT OF TRUSTS—RIGHT TO SUE.

1. An executor or administrator being entitled by statute (Comp. Stats. 1910, Section 5556) to the possession of all real and personal estate of decedent, and to receive the rents and profits thereof, until the estate is settled, may recover rents and profits of land held by a defendant in trust for decedent.

2. The statute of limitations does not run in favor of a trustee of an express trust, until he has taken some action which amounts to a repudiation of the trust, as his possession is the possession of the *cestui que* trust, and not adverse.

3. Ordinarily limitations run in favor of a trustee under a constructive or resulting trust from the time the act occurs which creates the trust, but this general rule is subject to an exception, applicable where the *cestui que* trust is in possession, and the trustee has done nothing inconsistent with the recognition of the trust or has not asserted an adverse claim.

4. Where defendant, who was E.'s foreman, purchased land in his own name with E.'s money, which was thereafter used in conducting E.'s stock-raising and ranching business until the formation of a partnership between E. and defendant, and by the partnership under a lease from E. from that time until E.'s death, and the lease provided for the payment of rent to E., but contained nothing as to any land of defendant, and defendant never asserted any adverse claim until after E.'s death, limitations did not run in defendant's favor until that time.

5. Under Comp. Stats. 1910, Section 5727, providing that land shall descend subject to the payment of the debts of the decedent to the persons therein specified, and Section 5562, providing that actions for the recovery of property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators, in all cases in which they might have been maintained by or against the decedent, an executor or administrator, as such has no title to the real estate of a decedent, and cannot sue to establish a resulting trust and compel the conveyance of the land.

Error to the District Court, Campbell County; Hon. C. H. Parmelee, Judge.

Action by Lydia H. Elmore as executrix and administratrix of Mike Elmore, deceased, against Claude K. Cook to recover rents and profits of land and to enforce a trust. From a judgment for plaintiff, defendant brings error. Other material facts are stated in the opinion.

*LaFleiche & Diefenderfer,* for plaintiff in error.

This action was brought under the provisions of Section 4295, Comp. Stats. 1910. Such actions are barred after ten years from the time the cause of action accrues. This action accrued, if at all, when property was conveyed to defendant. The petition discloses that the action was barred and the demurrer should have been sustained. If the action was brought to establish a resulting trust, it accrued on the date of the taking of the deed. To establish a resulting trust, two elements must appear: First, that the purchase money belonged to Elmore; second, that it was furnished to purchase the property for him. A resulting trust must arise at the time of execution of the conveyance. (Vol. I, Beach on Modern Equity, Section 223; Keuper v. Mette's Heirs, 88 N. W. 218; Strong v. Messinger, 148 Ill. 431, 36 N. E. 617; Pom. Eq. Jur., Section 1040; Dodge v. Thomas, 266 Ill. 76, 107 N. E. 261; Phillips v. Phillips, 86 Atl. 949; Drake v. McDonald, 137 N. W. 863; Veeder v. McKinley-Lanning L. & T. Co.; 61 Neb. 892; Metropolitan Trust & Savings Bank v. Perry, 102 N. E. 218; Chambers v. Emery, 45 Pac. 192; Bank v. Campbell, 30 Pac. 357; Berla v. Strauss, 75 Atl. 763.) The evidence is insufficient to support the decree entered by the court below. (Chambers v. Emery, supra; 39 Cyc. 167; Reynolds v. Blaisdell, 40 Atl. 42; In re. Mahin's Estate, Romp, et al., v. Mahin, et al., 143 N. W. 420; Cottonwood County Bank v. Case, et al., 125 N. W. 298; Summers v. Moore, 18 S. E. 712; Jones v. Hughey, 24 S. E. 178; Keith v. Wheeler, 151 S. W. 284; Easter v. Easter, 151 S. W. 413; Wallace v. Dunton, 139 S. W. 345; 39 Cyc. 166, Subd. 4.) Defendant and his suc-

cessors are guilty of laches. (Teall, et al., v. A. Schroder, et al., 158 U. S. 173, 39 L. Ed. 938; Gillespie, et al., v. Cooper (Neb.), 55 N. W. 302; Bishop, et al., v. Knowles, et al. (Iowa), 5 N. W. 139; Laird v. Kilbourne, et al. (Iowa), 30 N. W. 9; Allan, et al., v. Wisconsin, I. & N. Ry. Co., et al., 57 N. W. 1121; St. Paul, S. & T. Ry. Co. v. Sage, 1 C. C. A. 256.) Every presumption that is reasonable must be indulged in favor of the legal title which is clearly expressed by the deed long appearing of record.

*Metz & Sackett,* for defendant in error.

This is not an action of ejectment, nor for the recovery of title because plaintiff claims title. No cause of action accrued until after September 5th, 1911, after the trust relation was ended and Cook made his first claim for the land. If the doctrine of laches is applicable at all, it is against Cook, who allowed Elmore and his heirs to use the land for so many years, acquiescing in their claim of title. The doctrine has.no application as against Elmore, and the cases cited in the opposition brief do not support their contentions in that regard. The evidence clearly establishes a resulting trust in favor of defendant in .error. Elmore could not have brought ejectment proceedings. Neither Elmore nor his heirs ever had a remedy at law. The statute of limitations would not commence to run until an action at law could have been brought. Any remedy that Elmore or his heirs had was equitable and against solely equitable claims the statute of limitations does not run. Limitations will be applied only where there is concurrent jurisdiction at law. (25 Cyc. 1057; Elling v. Marx's Executor, 4 Fed. 673; Weltner v. Thurmond, 17 Wyo. 308.) The following cases support the judgment below: Fawcett v. Fawcett, 85 Wis. 332, 39 Am. St. Rep. 844; Haney v. Legg, 129 Ala. 619, 87 Am. St. Rep. 81; Reynolds v. Sumner, 126 Ill. 58, 9 Am. St. Rep. 523, 527-529; Appeal of Corr., 62 Conn. 403, 26 Atl. 478, 1st column, 479; Davis v. Davis, 20 Tex. Civ. App. 310, 49 S. W. 726; Reitz v. Reitz, 80 N. Y. 538; Oliver v. Chance, 11 S. E. 655; Faylor v. Faylor, 136 Cal. 92,

68 Pac. 482; Snodgrass v. Snodgrass, 58 South, 199; Girard v. Futterer, 4 So. 292; Werborn v. Austin, 8 South, 280; Bacon v. Rivers, 106 U. S. 99; 27 L. Ed. 69.) The demurrer did not raise the statute of limitations. The petition showed the land to have been purchased with Elmore's money. Improvements placed on the land over protest of Mrs. Elmore could not be used by Cook to his advantage. (Mexico Wyo. Co. v. Valentine, 237 Fed. 534.) The only contention argued as to limitations was that the action was one for fraud. The action is not of that character and the four-year statute of limitations has no application.

*LaFleiche & Diefenderfer*, for plaintiff in error—supplemental brief.

The action is one to recover possession of real property by virtue of an equitable title and the limitation prescribed by Section 4295, Comp. Stats. 1910, applies. (Nuckols, et al., v. Stanger, 153 S. W. 931; Bell County v. Felts, et al., 120 S. W. 1065; Stafford v. Stafford, 70 S. W. 75; Bradley v. Bradley, 127 Pac. 1044; Martin v. Cochran, et al. (Kan.), 106 Pac. 45; Bell v. Bank, 94 Pac. 889; Smith v. Clark, 248 Ill. 255, 93 N. E. 727; 25 Cyc. 1025-1155.) If the action be construed to be one for fraud, the four-year limitation prescribed by Section 4300 applies. (17 R. C. L. 794-795; 39 Cyc. 606; Speidel v. Henrici, 30 L. Ed. 718; Lammer, et al., v. Stoddard, 9 N. E. 328.) Implied trusts are within the statute of limitations, and the statute begins to run from the time the person becomes chargeable as trustee by implication. (Beecher v. Foster, et al., 42 S. E. 647; Stillwater Co. v. City of Stillwater, 68 N. W. 836.) Defendant claimed the land adversely as early as the year 1897, and the statute at least ran from that time. (Otto, et al., v. Schlapkahl, 10 N. W. 651; Parks v. Satterthwaite, 32 N. E. 82; Barker v. Hurley, 63 Pac. 1071; Wright v. Davis, 26 A. S. R. 347; Clarke v. Van Loan, 75 A. S. R. 219; Lide v. Parks, 135 Ala. 131.) No repudiation of an implied or constructive trust is necessary to set the statute of limitations in operation. (Norton v. Bassett, 154 Cal.

412, 97 Pac. 894.) A general demurrer raises the question as to whether the petition shows on its face that the action was not commenced before the statutory bar. (Columbia Assn. v. Clause, 13 Wyo. 166.) If the action is one based upon fraud, then the rule that the recording of the deed is constructive notice of an adverse claim applies. But it is our belief that Section 4295, Comp. Stats., is controlling.

BEARD, JUSTICE.

Lydia H. Elmore, as executrix of the will of Mike Elmore, deceased, and as administratrix of the estate of said Mike Elmore, deceased, brought an action against Claude K. Cook alleging, in substance, in her petition, that Mike Elmore died on the 10th day of May, 1910, leaving a will which was duly admitted to probate in the State of New York June 9, 1910, and that on June 10, 1910, letters testamentary and of administration were issued to said Lydia H. Elmore as executrix of said will, and that the administration of said estate in the State of New York is still pending. That said will was duly probated in the District Court of Campbell County, Wyoming, August 4, 1913, and ancillary letters testamentary and of administration were issued to her for the administration of said estate in Wyoming; that she duly qualified and is still acting as such. That in 1901 said Mike Elmore employed and directed the said Cook to purchase for him certain lands situated in said Campbell County, and in pursuance of said arrangement said Cook purchased said lands and received a deed therefor November 21, 1901, which deed was duly recorded in the office of the county clerk and ex officio register of deeds in said county. That said lands were purchased for, and with the funds of said Mike Elmore, and that the deed should have been taken in his name, but was erroneously taken in the name of said Cook. That the money for the recording of said deed and for the payment of the taxes on said land, until the time of his death, was furnished by said Elmore. That since his death the taxes have been paid by plaintiff. That from November, 1901, until the time of his death said

Mike Elmore occupied and used said lands. That after the death of said Mike Elmore, the said Cook without the consent of plaintiff, or the heirs of said Mike Elmore, deceased, wrongfully entered into possession of said lands and excluded plaintiff therefrom and still continues so to do, and claims to be the absolute owner thereof, and has had the use and benefit of said lands since May 10, 1910. That said Mike Elmore did not know that the deed to said land was taken in the name of said Cook, and that as soon as plaintiff learned that Cook claimed said land and at her first opportunity after her said appointment, she brought the action "to compel the conveyance of said land by the defendant to the plaintiff and to decree the title of said lands to and in the said estate." That the reasonable rental value of said land is about $150.00 per annum, and that plaintiff has been damaged by the wrongful withholding of said lands by defendant in the sum of $600.00, no part of which has been paid. That the title of record of said lands still continues in the name of defendant and that there are no encumbrances of record against the same, or known to plaintiff. The plaintiff prayed "judgment against the defendant that the defendant be required to execute a good and sufficient conveyance of the said lands to this plaintiff, and in case of failure thereof that the said lands be decreed by the court to this plaintiff, and that the plaintiff have judgment against the defendant for $600.00 damages, and the costs of this action, and for such other and further relief as in equity this plaintiff may be entitled to receive."

The action was commenced August 9, 1913. A general demurrer was filed to the petition, which was overruled, and defendant answered. In his answer defendant denied that the land was purchased by him under any arrangement with Mike Elmore, or with his funds; but alleged that he purchased the same with his own money and for his own use and benefit; that he was the absolute owner of said land and had been in the peaceable, open and undisputed possession of the same since he purchased the same, November 21, 1901. Admitted that Mike Elmore used said lands for

grazing purposes; but alleged that said use was in consideration of the payment of the taxes thereon by said Elmore. Admitted that he had excluded plaintiff from said lands since September 5, 1911. Denied that the rental value of said land was $150.00 per annum. Denied that the deed to said land was erroneously taken in his name. Defendant further pleaded "that the cause of action sued upon, set forth and alleged in plaintiff's petition, did not accrue within four years immediately preceding the commencement of plaintiffs' action." Plaintiff replied and denied the affirmative allegations of the answer. The foregoing summary of the pleadings we think sufficiently presents the issues.

The case was tried to the court and the following findings of fact were made by the court (omitting the preliminary statements). It "finds generally in favor of the plaintiff and against the defendant, upon the issues joined herein. The court finds that the facts set out in the plaintiff's petition are true, and that Lydia H. Elmore, as executrix of the estate of Mike Elmore, deceased, and as heir and sole devisee of Mike Elmore, deceased, is the equitable owner of the lands described in the plaintiff's petition herein and hereinafter set forth in this decree; and that the defendant, Claud K. Cook, holds the legal title to said lands in trust for the heirs and devisees of Mike Elmore, deceased, and that he should be required by the decree of this court to make conveyance of the legal title to said lands and premises to Lydia H. Elmore, as heir and sole devisee of said Mike Elmore, deceased."

Whereupon the court rendered the following decree: "It is therefore hereby ordered, adjudged and decreed that Lydia H. Elmore, as executrix of the last will and testament of Mike Elmore, deceased, and as heir and sole devisee of said Mike Elmore, deceased, is the owner in fee simple of the lands and premises described in plaintiff's petition, and that the defendant, Claud K. Cook, holds the naked legal title to said lands and premises in trust for said Lydia H. Elmore, as heir and sole devisee of said Mike El-

more, deceased, which said lands and premises are described as follows, to-wit: (describing the lands). It is further ordered, adjudged and decreed, that the said defendant, Claud K. Cook, be, and he is hereby directed and required to convey by good and sufficient deed to the said Lydia H. Elmore, the said above described premises, and real estate and the whole thereof, together with all the improvements, ditches and water rights and hereditaments thereunto belonging, or in any wise appertaining. The said deed to be made, executed and delivered by the said defendant, Claud K. Cook, to the said Lydia H. Elmore within ten days from the entry of this decree, and in failure thereof, this decree shall stand as a transfer of the said title of said premises to the said Lydia H. Elmore, in fee simple.

"It is further hereby ordered and adjudged that the plaintiff, Lydia H. Elmore, as executrix of the estate of Mike Elmore, deceased, and as administratrix of said estate, have and recover of and from the defendant, Claud K. Cook, $450.00 damages sustained by her for the wrongful withholding of said lands and her costs herein, taxed at $184.65, and that she have execution therefor. To all of which decree and judgment the defendant excepts."

A motion for a new trial was filed by defendant, and by the court denied. Defendant brings error.

The petition contains but one count; but plaintiff prayed not only for the recovery of the rents and profits of the land during the time she alleges she was wrongfully kept out of possession; but also that it be decreed that the defendant holds the legal title in trust, and that he be required to convey the legal title to the plaintiff; and that appears to have been the theory upon which the case was tried and determined. The contentions of counsel for plaintiff in error are that the action was barred by the statute of limitations; but, if not so barred, that the findings, judgment and decree of the District Court are not supported by sufficient evidence.

It appears that from about 1896 to January 1, 1910, Mike Elmore was engaged in the stock raising and ranching busi-

ness in Wyoming and that the defendant, Cook, was his foreman or manager, handled the funds, sold and received the money for stock sold and paid the expenses of conducting the business from money so received or furnished by Elmore, Cook receiving a salary for his services. The land in dispute was enclosed with other lands, and occupied and used in conducting the business; but just when it was so enclosed does not satisfactorily appear. On January 1, 1910, Elmore and Cook entered into a written agreement of co-partnership for the purpose of "carrying on a ranching business on the ranch of M. Elmore near Gillette, Wyoming," and further providing, "that M. Elmore leases to Elmore and Cook the aforesaid ranch for a term of five years for one thousand dollars per year." From that time until the death of Elmore the land in dispute continued to be occupied and used with the other lands in the enclosure in the same manner in which it had been occupied and used by Elmore prior to the formation of the partnership, no change being made in that respect at the time it was purchased and deeded to Cook. The partnership agreement further provided that Elmore should pay for any improvements made upon the ranch in the way of ditches and reservoirs and for plowing. No land belonging to Cook is mentioned in the agreement. Cook purchased the land November 21, 1901, through one Milo Adams, and charged the purchase price, $425.00, to Elmore in his accounts and it was paid by Elmore. The fee for recording the deed, and the taxes on the land thereafter were paid and charged by Cook to Elmore. There was some testimony that Cook had stated that the deed was erroneously made to him instead of to Elmore. There was also testimony to the effect that Elmore had stated, in his lifetime, that the land belonged to Cook. It does not, however, otherwise appear that Elmore had actual notice or knowledge that the title to the land was taken in the name of Cook, or any notice other than that imparted by the record. We have not attempted to set out all of the evidence, but, considering it as a whole, we think it sufficient, as between the parties to

this action, to sustain the finding of the District Court that Cook held the legal title in trust for Elmore, and that plaintiff was entitled to recover the rents and profits of the land pending the settlement of the estate of Mike Elmore, deceased. The statute (Sec. 5556, Comp. Stat. 1910) provides that the executor or administrator is entitled to the possession of all the real and personal estate of the decedent, and to receive the rents and profits of the real estate until the estate is settled. Therefore, the money judgment in favor of the plaintiff and against the defendant should be affirmed, unless the action was barred by the statute of limitations.'

It is well settled that the statute of limitations does not run in favor of a trustee of an express trust until he has taken some action which amounts to a repudiation of the trust. The reason assigned for the rule being that the possession of the trustee while carrying out the purposes of the trust is deemed the possession of the *cestui que trust* and the holding by the trustee is not adverse. The rule, however, is different with respect to constructive or resulting trusts; the general rule in such cases being that the statute commences to run from the time the act occurs which creates the trust, or, in other words, when the *cestui que trust* could bring an action to enforce the trust, and that no repudiation of the trust by the trustee is necessary to start the running of the statute. But to that general rule there is a well defined and recognized exception, viz.: when the *cestui que trust* is in possession and the trustee has done nothing inconsistent with a recognition of the trust, or has not asserted an adverse claim. In Lakin v. Sierra Buttes G. M. Co., 25 Fed. 337, Judge Sawyer said: "Upon well settled principles of law the statute does not begin to run against a *cestui que trust* in possession until the date of his ouster therefrom, no matter whether the trust be express or implied." And the same rule was approved and followed in Norton v. McDevit, 122 N. C. 755, 30 S. E. 24; Barroilhet v. Anspacher, 8 Pac. 804, 68 Cal. 116; Flanner v. Buttler, 131 N. C. 155, 42 S. E. 547;

Lufkin v. Jakeman, 188 Mass. 525, 74 N. E. 933; Boyd v.
Boyd, 163 Ill. 611, 45 N. E. 118. In this case the land was
used in conducting Elmore's business from the time the
deed to Cook was executed until the formation of the part-
nership, and by the partnership from that time until after
the death of Elmore. When the written agreement of co-
partnership was entered into it provided for the payment
of rent for Elmore's land, but contained nothing as to any
land of Cook; and there is no competent evidence in the
record of any adverse claim by Cook until after Elmore's
death. Such being the situation, even if the four-year stat-
ute of limitations pleaded is applicable, four years had not
run since Cook asserted an adverse claim, and the action to
recover the rents and profits was not barred.

The only remaining question in the case arises on the
finding of the court "that Lydia H. Elmore, as executrix of
the estate of Mike Elmore, deceased, and as heir and sole
devisee of Mike Elmore, deceased, is the equitable owner of
the lands described in the plaintiff's petition," and decreeing
that Lydia H. Elmore, as executrix of the last will and tes-
tament of Mike Elmore, deceased, and as heir and sole de-
visee of said Mike Elmore, deceased, is the owner in fee
simple of said lands, and requiring Claud K. Cook to con-
vey said lands to said Lydia H. Elmore. Upon the death of
Mike Elmore whatever title, if any, which he had to the
land in controversy either passed by his will to some de-
visee or devisees, or, if not devised, then it descended to
his heirs, subject to the payment of his debts. (Sec. 5727,
Comp. Stat. 1910.) In this case the will was not introduced
in evidence. It is not alleged, nor is there any evidence in
the record of any kind showing or tending to show what
disposition of the land in question, or of any of his prop-
erty, Mike Elmore made by his will. It incidentally appears
in the testimony that Lydia H. Elmore is the widow of de-
ceased, but it also appears that he had at least one son who
survived him and who testified as a witness in the case.
How the court could find from the evidence in this record
that Lydia H. Elmore, as executrix, and as heir and sole

devisee is the equitable owner of the land, we are at a loss
to understand.   So far as the record discloses, she acquired
no title as executrix, and as administratrix no title to the
real estate of deceased vested in her.   True, she had, in
either case, the right to the possession of the real estate
owned by Mike Elmore at the time of his death; but the
*title* passed to the devisee or heirs at the instant of his
death.   The plaintiff in her capacity as executrix or admin-
istratrix, in which she sues, could not maintain an action to
establish and enforce such a trust as is here alleged and to
require the legal title to be conveyed to her.   The statute
(Sec. 5562, Comp. Stat. 1910) provides: "Actions for the
recovery of any property, real or personal, or for the pos-
session thereof, and all actions founded upon contracts, may
be maintained by and against executors and administrators,
in all cases in which the same might have been maintained
by or against their respective testators or intestates."   It is
well known that our probate statutes were taken directly
from the statutes of California in force at the time of the
adoption of our Code of Probate Law and Procedure in
January, 1891.   As early as 1881 the Supreme Court of Cal-
ifornia had construed the section last above quoted in the
case of Janes v. Trockmorton, 57 Cal. 368.   In that case
the action was brought by the heirs of the deceased, and it
was objected that they were not the proper parties and that
the action should have been brought by the administrator
under the provisions of the statute.   It was held that the
statute did not confer upon the administrator the power to
compel a conveyance of the title to himself.   The court said:
"The present action is brought to establish a trust, and to
compel defendant to convey the *legal title to real estate* to
plaintiffs as heirs at law of Janes.   On his death, his title,
then an equity, passed to the heirs, as was held in the cases
last cited; and unless it can be maintained, which we think
cannot be done, that the administrator is entitled under our
statute to have the title to the property conveyed to him, it
would seem clear that he is not the proper party to bring

this action." The decision in that case was cited, approved and followed in Field v. Andrada, 106 Cal. 107, 39 Pac. 323. (See also Johnston v. Johnston, 173 Mo. 91, 73 S. W. 202, 61 L. R. A. 166, 96 Am. St. Rep. 486.) The reason for the rule we think is obvious. The executor or administrator, as such, is vested with no little to the real estate of the deceased, and if such an action could be maintained it would not unite the legal and equitable title. The only effect would be to substitute one trustee for another, and that without the consent of the *cestui que trust,* the real party in interest and not a party to the action. On that branch of the case, the petition fails to state facts sufficient to constitute a cause of action. It is not sufficient to state facts sufficient to constitute a cause of action in favor of some one against a defendant, but the facts stated must constitute a cause of action in favor of the *plaintiff* against the defendant. (Railroad Co. v. City of Bellaire, 67 O. St. 297, 65 N. E. 1007; McKenney v. Minahan, 119 Wis. 651, 97 N. W. 489.

For the reasons above stated the decree of the District Court that Lydia H. Elmore, as executrix of the last will and testament of Mike Elmore, deceased, and as heir and sole devisee of said Mike Elmore, deceased, is the owner in fee simple of the lands in controversy, and that defendant Cook holds the naked legal title thereto in trust for her as heir and sole devisee; and requiring defendant Cook to convey the land to her, and on his failure to do so, the decree to stand as a transfer to her of the title to the land in fee simple, is erroneous.

The judgment in so far as it awards judgment in favor of plaintiff against defendant for the rents and profits of the land is affirmed. In so far as it decrees the plaintiff to be the equitable owner of the land and requires defendant to convey to her, or attempts to vest the title in her by the decree, it is reversed. The case will be remanded to the District Court with directions to vacate and set aside the decree which vests the title in Lydia H. Elmore, and for further proceedings not inconsistent with this opinion. The

case being affirmed in part and reversed in part, the plaintiff in error will be allowed his costs in this court except costs of his brief.        *Affirmed in part and reversed in part.*

POTTER, C. J., and BLYDENBURGH, J., concur.