Walter AUGUSTINE, Appellant (Plaintiff below),

v.

Ira N. GIBSON, Appellee (Defendant below).

No. 3575.

Supreme Court of Wyoming.

June 26, 1967.

Donald E. Chapin, Casper, for appellant.

Henry A. Burgess, Sheridan, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice GRAY delivered the opinion of the court.

Plaintiff brought action against the defendant to impound a trust upon a mineral fee in the S ½ of Section 24, Township 45 North, Range 80 West of the 6th Principal Meridian, Johnson County, Wyoming to which the defendant held record title. Issues were joined, and after trial of the case judgment was entered dismissing the action and plaintiff appeals.

With few exceptions the facts are undisputed. Guy W. Gibson, a resident of the State of Washington, died testate in January 1949. He was survived by his brother, the defendant; by a sister, Adda Augustine, also known as Addie Augustine, through whom plaintiff claims his interest; and by another brother and sister, all of whom were named in the will as the sole devisees and legatees of the decedent. The defendant was named as the executor. At the time of

death Guy W. Gibson was the owner in fee of the half section of land above described and another adjoining one-half section with which we are not concerned. On February 11, 1949, the will of decedent was offered for probate in Johnson County, Wyoming. It was later admitted to probate, and defendant became the duly appointed and qualified executor of the estate of decedent and entered upon his duties as such.

Although the record does not contain a copy of the published notice to creditors, there is evidence indicating that a notice was published, and absent anything to the contrary we can assume that this was done within the time fixed by the provisions of § 2–219, W.S.1957. The only asset of the estate, as disclosed by the inventory and appraisal, was the land above described which was valued at $3,520. Notice of final settlement of the estate was published in March and April 1950, but no final account and petition for distribution seems ever to have been filed by the defendant. On October 12, 1964, the probate court entered an order closing the estate for the reason that the file reflected nothing had been done in the estate since September 1951.

During the interim, however, and apparently at the suggestion of defendant and his counsel as a means of settling the estate, the defendant in the year 1950 obtained from his sisters and brother a power of attorney to sell the land they had inherited. On August 31, 1951, the land was sold and conveyed by defendant to one Ernest Vest for the sum of $3,520. On the same day Ernest Vest conveyed back to the defendant by a "Mineral Deed"—which was placed of record on the same day—an undivided one-half interest in the minerals of the S ½ of Section 24, above described, which defendant claimed as his own and to which plaintiff asserts a one-fourth interest as the alleged successor in interest to the deceased sister, Adda.

The thrust of plaintiff's claim as disclosed by his second amended complaint was that defendant occupied a fiduciary relationship to Adda as her attorney in fact and as executor of the estate of Guy W. Gibson, deceased, and had breached that relationship by taking and retaining title to the mineral fee in his own name. The prayer was that defendant's interest be impressed with a resulting trust to the extent of plaintiff's claim and that defendant be required to convey such interest to the plaintiff.

The answer of defendant denied that plaintiff had any interest in the mineral fee or that he had succeeded to any rights that Adda might have had. It was also affirmatively alleged in substance that defendant had made full disclosure of the transaction to Adda; informally accounted to her for receipts and disbursements in the administration of the estate and paid to her in cash the amount due her by the accounting; that she consented, approved, and ratified the transaction; and that plaintiff's claim was barred by the statute of limitations.

In disposing of the litigation the trial court made special findings, which in substance found the facts to be as alleged by the defendant, and dismissed the plaintiff's action primarily on the ground that plaintiff's claim was barred by the statute of limitations. In this connection we might say that there is ample evidence in the record to sustain the trial court's findings. The defendant testified, and in this he is corroborated to some extent by the two daughters of Adda resulting from a marriage previous to Adda's marriage to the father of plaintiff, that within a few days after the sale was made he went to Adda's home in the State of Washington and informed her of what he had done in settling the affairs of the estate, including the taking of the mineral fee, to which she agreed, and paid her in cash for her share of the proceeds from the sale of the land, which was accepted without objection.

To overcome the lapse of some 14 years between the time of disclosure and the time this action was commenced plaintiff in reliance upon Wilson v. Martinez, 76 Wyo. 196, 301 P.2d 785, rehearing denied 307

P.2d 605, argues that the statute of limitations had not run for the reason that no final accounting or decree of distribution had ever been made in probate court. Under the case cited there can be no question but what defendant, as the executor, was in a highly fiduciary relationship with his brothers and sisters, and there is no question as a general proposition that such a relationship does not terminate and the statute of limitations will not begin to run against claimed derelictions of the personal representative until such time as the estate is settled by the filing of a final accounting and the entry of decree of distribution. Nevertheless, we think that rule has no application here.

The trial court was entitled to find, as it did find, that the affairs of the estate so far as Adda and the defendant were concerned had in effect been settled by the private agreement of the brothers and sisters as the sole devisees of Guy W. Gibson, deceased. From that time on there was nothing further for defendant to do in the administration of the estate except, of course, technically to comply with the statutory steps for the closing of the estate. There were no creditors to be paid. An informal accounting to the brother and sisters had been rendered and each had received that to which he was entitled under decedent's will. The defendant testified that he had waived any fees for his services as executor and the record discloses that the attorney fees had been paid. Under those circumstances, as we view it, the probate court could have accomplished nothing more than had already been accomplished by the family settlement.

■ Limiting our consideration to the related status of the probate proceedings, it is a well recognized rule, despite some divergence in view, that a "family" settlement of an estate, when fairly made, will be respected and enforced in the courts. A leading case that early espoused the rule in a probate proceeding quite similar in status to the instant case was the early Michigan case of Brown v. Forsche, 43 Mich. 492, 5 N.W. 1011, 1017. For further development of the rule see 1 Bancroft's Probate Practice, § 8, p. 20 (2d Ed.), and 34 C.J.S. Executors and Administrators § 836, p. 958. The broad sweep of the rule is to the effect that this is so with or without resort to probate proceedings. We express no opinion with respect to that except to the extent the rule might have application to the circumstances before us.

■■ It has long been the policy of this court to favor "family" settlements of family controversies. Rinehart v. Rinehart, 52 Wyo. 363, 75 P.2d 390, 391. Although that pronouncement was made in a divorce case, we see no reason why the policy should be different here. Of course, it goes without saying that defendant would have been well advised to have fulfilled all of his statutory duties in the probate proceedings. Nevertheless, we think he did so in substance. True, the final accounting was informal, but that has not been frowned upon by the courts. In re Kirby's Will, Sur.Ct., 90 N.Y.S.2d 324, 326, modified 93 N.Y.S.2d 898; In re Kahn's Will, Sur.Ct., 144 N.Y.S. 2d 253, 254, affirmed 2 A.D.2d 893, 156 N.Y.S.2d 1016. Title to the property passed to the brothers and sisters upon the death of Guy W. Gibson. Cook v. Elmore, 25 Wyo. 393, 171 P. 261, 264. The entry of a decree of distribution would have been but a mere formality. Consequently we hold, on this phase of the case, that the statute commenced to run from the time of the settlement and the trial court quite properly held plaintiff's claim was barred by the statute of limitations.

■ With respect to the facet of plaintiff's claim that the statute did not run on defendant's alleged breach of his fiduciary duty as attorney in fact, little need be said. In Cook v. Elmore, supra, 171 P. at 263, we took cognizance of the rule that the statute of limitations will commence to run from the time an act occurs which results in a constructive or resulting trust and repudiation of the trust by the trustee is not essential. Plaintiff nevertheless argues his claim falls within the exception to the rule which we also recognized that this is not true if the

cestui que trust is in possession. In advancing this argument we think plaintiff's counsel overlooks the fact that the cestuis were never in possession. The defendant at all times was in constructive possession of the mineral fee, Ohio Oil Co. v. Wyoming Agency, 63 Wyo. 187, 179 P.2d 773, 779. Consequently plaintiff's claim is not within the exception. Perhaps we should mention that the trust claimed here—assuming a trust to have been established—was, properly speaking, a "constructive" trust rather than a "resulting" trust, of which Adda had notice. Bogert, Trusts and Trustees, § 953, pp. 486, 487 (2d Ed.). That, however, is of no particular significance in view of the fact that plaintiff's claim was barred under any provision of the statute of limitations.

No doubt we should also mention the defendant's contention that plaintiff failed to establish an interest which entitled him to bring the action in keeping with Rule 17(a), W.R.C.P. Inasmuch as we were disposed to decide the case on its merits we have assumed that he was the real party in interest, without deciding the point.

The judgment of the trial court is affirmed.

Affirmed.