Reade, J.
 

 The agreement between the complainant and John Chapman, the intestate and former husband of the defendant Lovey Chapman, and the father of the infant defendants, as set forth in the bill, is fully admitted in the answers of said defendant; and the performance of the agreement on the part of the complainant is also admitted.
 

 Nothing remains, therefore, but to determine whether it is such an agreement as will be enforced in this court.
 

 A parol agreement between A and B, that A will purchase land for B and take the title to himself, and hold it for B until the latter can pay for it, and when paid for, will convey it to him, is such an agreement as equity will enforce. And such, substantially, is the agreement in this-case.
 
 Lyon
 
 v.
 
 Cressman,
 
 2 Dev.
 
 &
 
 Bat. Eq., 2668;
 
 Hargrave
 
 v.
 
 King,
 
 5 Ire. Eq., 430;
 
 Cloninger
 
 v.
 
 Summit,
 
 2 Jon. Eq., 513.
 

 This would be true even if the agreement were denied in the answers, and rested on proof by the complainant. But the agreement is fully admitted in the answer of Mrs. Chapman, for herself and her children, and said defendants declare their readiness to comply with it. But the defendant Carmer
 
 sets-
 
 up title under-his purchase, and objects to the other defendants making title to the complainant. And his objection was supposed to make the necessity for this suit. The defendant Carmer cannot set up any title against the complainant’s equity, for he has paid nothing under his purchase, and he will be entitled, by proper motion in the cause under an order
 
 *95
 
 in which he purchased the land, to have his bond for the purchase money cancelled. And besides, he is a purchaser affected with notice of the complainant’s equity.
 
 Cloninger
 
 v.
 
 Summit, ubi supra.
 

 The complainant is entitled to a decree against the defendant Mrs. Chapman for title to the land. And he is entitled to cost against said defendant, but not against the defendant Carmer, nor is Carmer entitled to cost against the coim plainant.
 

 Per Curiam.
 

 Decree accordingly.