ROXANNA NORTON v. JAMES M. McDEVIT.

(Decided May 3, 1898.)

*Action to Declare a Trust and to Recover Land—Pleading—Implied Trust—Evidence—Statute of Limitations—Tenant by Curtesy.*

1. While the technical exactness observed under the old system of pleading is not required under the *Code* system, substantial accuracy is required in the statement of the plaintiff's cause of action and of the defendant's ground of defence.

2. In the trial of an action against plaintiff's step-father to have a trust declared in land and for possession of the land, evidence of a declaration by plaintiff's mother (under whom defendant claimed and who died before the trial), made while she was in possession, to the effect that she was holding the land for her children, was competent to show the nature of the mother's holding.

3. When the fact is found, without explanation or evidence of a different intention, that land was bought and paid for with the money of one and title taken to another, the law creates the latter a trustee for the former.

4. Where a trust is created by the purchase of land with the money of one person and its conveyance to another, it is a trust created by implication of law, and the statute may begin to run before the trust is broken; otherwise, in the case of an "express trust."

5. The statute of limitation does not run against a *cestui que* trust in possession.

6. The seven years statute of limitations (Section 153 of *The Code*) does not apply to an action brought to obtain possession of land bought for plaintiff's mother with plaintiff's money but conveyed to the former, the action being brought against the husband of the grantee after her death.

7. A husband is not entitled as tenant by the curtesy to hold land held by his wife as trustee for her children by a former marriage.

CIVIL ACTION, tried before *Norwood, J.,* and a jury, at Fall Term, 1897, of MADISON Superior Court. The facts appear in the opinion. There was a verdict for the defendant and from the judgment thereon the plaintiff appealed.

*Mr. W. W. Zachary,* for plaintiff, (appellant.)
*Mr. J. M. Gudger, Jr.,* for defendant.

FURCHES, J.: This is an action to declare a trust and for possession of land. The complaint, as it is drawn, does not very distinctly state the plaintiff's cause of action. It is a mistake to suppose that the Code pleading does away with the necessity of a correct statement of plaintiff's cause of action, or relieves the defendant from making a correct statement of his grounds of defence. While it is not necessary that this should be done with the technical exactness required under the old style of pleading, it should be done with substantial accuracy. But the great object in pleading is to put matters in lit-

igation upon their merits, and when it appears to the court that this can be done, to prevent a failure of justice, the court will proceed with the trial, as where it appears to be a defective statement of a good cause of action, but will not do so when it appears to be a statement of a defective cause of action.

We gather from the allegations of the complaint that in 1877 the plaintiff and her sister, Ardelia, were the minor children of Mary A. Norton, then a widow ; that they were the owners of $400 in currency and a horse —the plaintiff then being 15 years old and her sister 14; that at the request of the plaintiff and her sister, and their mother Mary A. Norton, this money and horse were put in the hands of one Chandler, the grandfather, to buy the lands described in the complaint for the plaintiff and her sister Ardelia; that said Chandler bought the lands and paid for them with this money and horse, but through mistake, or from some other cause, the deed was made to the mother; that the mother, the said Mary, afterwards intermarried with the defendant, McDevit, by whom she had one child which lived to be about one year old when it died, and the mother died on the 17th of April, 1893, and this action was commenced on the 15th day of June, 1896; that the said Mary, and the plaintiff, and the defendant, after he married the mother Mary, continued to live on said land until the death of Mary, and the plaintiff and defendant continue to live on the land until now—the mother and the defendant controlling a part of it, and the plaintiff working and controlling a part of it.

The defendant denied that the land was bought with the money and means of plaintiff and her sister, and denied that there was any mistake or error in making the deed to his wife Mary; and alleges that it has been

more than seven years since said deed was made and since plaintiff reached her majority of 21 years, and insists that plaintiff's right of action is barred by the Statute of Limitations, if she ever had any right. The plaintiff admitted that she was 37 years old and unmarried at the trial.

On the trial the plaintiff proposed to prove by one Tredway that he heard Mary, the mother of plaintiff, say that she was holding the land for her children. This was objected to by defendant and excluded by the court. We do not see why this evidence was not competent, being a declaration while in possession, explaining the manner in which she was holding the land—she being the party under whom defendant is claiming.

On the trial the following issues were submitted: 1. "Was the money of plaintiff used in the purchase of the land, and if so how much? Ans. Yes, $200." 2. "Was the mare or any interest in the mare, given for the land, the property of plaintiff, and if so, what was the plaintiff's interest in the mare? Ans. Yes, $50." 3. "Did plaintiff's cause of action accrue more than seven years before this action commenced? Ans. Yes."

It is found by the first and second issues that the land in controversy was bought and paid for with the money and mare of plaintiff and her sister Ardelia. This fact being found by the jury, without any further evidence or explanation, the law created a trust in favor of plaintiff and her sister. *King* v. *Weeks*, 70 N. C., 372. This is upon the idea of mistake or bad faith in not taking the deed to the party paying for the land. *Lassiter* v. *Stainback*, 119 N. C., 103.

This is not what is known as an express trust, against which the statute will not run until the trust is broken. *Hodges* v. *Council*, 86 N. C., 181; *Hamlin* v. *Mebane*,

54 N. C., 218; 2 Pomeroy Eq. Juris., Sections 988, 989, 991; Lewin on Trusts, Section 886; *Wright* v. *Cain,* 93 N. C., 296.    But it is a trust created by implication of law against which the statute may run.    2 Lewin, *supra,* 864; 1 Lewin, *supra,* 180; 1 Pomeroy, *supra,* Section 155.

But the plaintiff alleges that she has been in possession of this land or some part of the same all the time, since the date of the purchase and deed to her mother. If this is true, no statute has run against her, as the statute does not run against a *cestui que trust* in possession.    *Stith* v. *McKee,* 87 N. C., 389; *Mask* v. *Tiller,* 89 N. C., 423.    But if the statute had run, the plaintiff would not be barred in seven years.    Section 153 of *The Code* does not apply to this case, but section 158, if any statute does.    *Ross* v. *Henderson,* 77 N. C., 170.

The court charged the jury that if they believed the evidence the plaintiff's cause of action accrued more than seven years before the commencement of the action, that the same was barred by the statute, and they should find the third issue "Yes".    To this charge the plaintiff excepted.    This was error.

The deed from Ramsey to Mary Norton, mother of plaintiff, conveyed at least the legal estate in the land to her.    And the defendant McDevit having married her and a child having been born alive by this marriage, the defendant is a tenant by the curtesy of the legal estate, at least.    But if it turns out that his wife only held the land as the trustee of plaintiff and her sister, this will destroy his tenancy by the curtesy.

The plaintiff and her sister being the only lawful heirs of their mother Mary (Rules 1 and 9, Section 1281 of *The Code*), upon her death the estate in the land descended to them, subject to the curtesy of the defend-

ant, if there was no trust. But if the mother Mary held the land in trust for the plaintiff and her sister, as plaintiff alleges she did (and as we hold she did if the land was bought and paid for with their money), upon her death the legal and equitable estate united in the plaintiff and her sister, and destroyed the defendant's claim to curtesy. And plaintiff, being a tenant in common, is entitled to be let into possession of one-half of the land.

But as the defendant claims to have bought a part of the interest of Ardelia (she says one fourth) it seems to us it would be proper for her to make herself a party to this action, in order that the whole matter may be settled. But we do not consider her a necessary party, and it must be left to her whether she will make herself a party or not.

There were other matters discussed, not material to the determination of the appeal, and we do not consider them. There is error as pointed out and a new trial is ordered.

New trial.