FLANNER v. BUTLER.

.(Filed October 14, 1902.)

1. TRUSTS AND TRUSTEES—*Resulting Trusts—Husband and Wife—Presumptions.*

Where property is bought with money belonging to the husband and the deed is made to the wife without the consent or knowledge of the husband, the presumption is, that it was a gift to the wife, but this is a presumption of fact, which may be rebutted.

2. LIMITATIONS OF ACTIONS—*Adverse Possession—Husband and Wife.*

Where land is purchased with money of husband and title taken in name of his wife, and neither party is in actual physical possession, the statute of limitations does not run against the husband, where an action is brought to have the wife declared a trustee for the husband.

ACTION by A. J. Flanner against Carrie L. and Henry W. Butler, heard by Judge *E. W. Timberlake* and a jury, at April Term, 1902, of the Superior Court of NEW HANOVER County. From a judgment for the plaintiff, the defendants appealed.

*Bellamy & Peschau, Rountree & Carr,* and *Stevens, Beasley & Weeks,* for the plaintiff.
*E. S. Marlin,* for the defendants.

FURCHES, C. J. The plaintiff and defendant Carrie were married in 1885, when the plaintiff was only 21 years old and just out of school. Soon after this marriage, the plaintiff inherited about $60,000 upon the death of his uncle, Joseph Flanner. This estate was received in money and bonds, and deposited by the plaintiff in the Wilmington Bank, of which his father-in-law, William Larkins, was president. Soon after receiving the estate, said Larkins told the plaintiff

that certain property on "Front street," in the city of Wilmington, was to be sold very soon, that it would be a good investment, and advised the plaintiff to buy it. The plaintiff then instructed said Larkins, who had control of his money, *to buy it for him,* the plaintiff. At the sale Larkins bought the property and paid for it out of the plaintiff's money, but had the deed therefor made to his daughter Carrie, then the wife of the plaintiff. The plaintiff knew that Larkins bought the property and paid for it out of his money on deposit in the bank, and thought it was bought for him, and did not know the deed was made to defendant Carrie, until it was registered. When the plaintiff discovered the deed was made to defendant Carrie, he complained of it, and told Larkins that he told him to buy the property for *him,* and he (Larkins) had the deed made to his daughter Carrie, when Larkins said it was all the same, what a man's wife had was her husband's, and he would have the use and control of it, the same as if the deed had been made to him. The plaintiff was young, and without business experience, had just married the daughter of Larkins, was living in his family, and, having confidence in Larkins, he made no further complaint as to the manner in which the deed was made. But he never did consent to its being made to his wife. He and the defendant Carrie continued to live together as man and wife until 1899, and the property being rented, he collected and used the rents arising therefrom. In 1899, the defendant Carrie notified the tenants not to pay any more rents to him, but to pay them to her, and he has received no rents therefrom since that time. The defendant Carrie very soon after giving this notice to the tenants, went to South Dakota, where she procured a divorce from him, and, soon after procuring said divorce, married Henry W. Butler, her co-defendant.

This statement of facts is made principally from the plain-

tiff Flanner's own testimony, corroborated by that of E. H. Freeman, G. L. Morton and others.   And it is not denied but what the defendants offered evidence tending to rebut or contradict a part of this evidence.   But, if the plaintiff's evidence is believed, it makes a *prima facie* case for the plaintiff, and as the jury may believe it (and in this case did believe it), there was no error in his Honor's ruling refusing the defendants' motion to nonsuit the plaintiff as to the "Front street property," this being the property involved in this appeal.

The Court submitted three issues, as follows:

1. Was the land described in article three of the complaint purchased with the money of the plaintiff?

2. If so, was the deed to the defendant made to it without his knowledge or consent?

3. Is the plaintiff's cause of action barred by the statute of limitations?.

The jury answered the first and second issues in the affirmative, and the third in the negative.   This, it seems to us, settles the case, unless there were such errors committed on the trial as to vitiate the findings of the jury.

It is admitted by the defendants that the general rule is, that where property is bought with the money of another and the deed made to another person, without the knowledge or consent of the party furnishing the money the holder of the deed will be declared trustee for the party who furnished the money.   *Lassiter v. Stanback*, 119 N. C., 103; *Norton v. McDevit*, 122 N. C., 755.   But it is contended by the defendants that this rule does not obtain in cases of husband and wife.   And this is so, nothing else appearing, as the law, owing to the relation of the parties, will presume that the husband intended it as a gift or present to his wife. *Thurber v. LaRoque*, 105 N. C., 301.   But this is only the presumption of a fact the law makes, which may be rebutted

by evidence, and, when this is done, the parties then stand as if they were not man and wife, that is, they stand as other parties, and the general rule prevails.    *Faggart v. Bost,* 122 N. C., 517.    This being so, and the jury having found that this "Front street property" was bought with the plaintiff's money, that the plaintiff directed Larkins to buy it for him, and that the deed was made to the defendant Carrie *without his knowledge or consent,* the plaintiff has a clear case for the enforcement of the general rule, and to have the defendant Carrie declared a trustee for his benefit.

But it is further contended by the defendants that if the plaintiff ever had this right, it is barred by the lapse of time and the statute of limitations.    But in this case neither was the plaintiff nor the defendant Carrie in the actual *possessio pedis* of the property, it being actually occupied by tenants. And, according to the plaintiff's testimony, corroborated by the tenants, the plaintiff made contracts for renting, and received and receipted for the rents, and used them for his own purposes; and we must presume the jury believed this evidence.    The plaintiff, therefore, was as much, and even more, in possession than was the defendant Carrie.    And where they were both in possession, the statute of limitations does not run.    *Faggart v. Bost* and *Norton v. McDevit, supra.* So, the defendants must fail on the plea of the statute of limitations.

There are some of the exceptions, as to evidence, relating to the defendant Carrie's going to South Dakota, and obtaining a divorce and marrying the defendant Henry, that were irrelevant and should not have been allowed.    But we fail to see what bearing it had on either of the issues, or how it did, or could have, affected their findings on the issues submitted.    We are therefore unwilling to grant the defendants a new trial for these errors, which we think in no way affected the verdict on the issues submitted.    While we have not dis-

cussed each one of the many exceptions of the defendants, we have carefully examined them all, and find no error for which we can give the defendants a new trial.

Affirmed.