## HENRY M. BOSWORTH *vs.* CLYDE O. BOSWORTH.

Plymouth.   December 5, 1933. — December 29, 1933.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Trust*, Resulting.   *Waiver.*

In a suit of equity, the following facts appeared: the plaintiff, a man
of advanced years, gave money to the defendant, his nephew, with
which to purchase real estate, the title thereto to be placed in the
plaintiff.   The defendant took title in his own name.   Upon the
plaintiff learning that fact and insisting that he receive title, there
were negotiations, the result of which was that the plaintiff accepted
a deed from the defendant which contained a reservation to the de-
fendant for his life of the use of part of the property.   Later, being
dissatisfied, the plaintiff brought suit to compel the release to him of
the interest reserved by the defendant, and a decree was entered in
the plaintiff's favor from which the defendant appealed.   *Held*, that
        (1) The defendant held title subject to a resulting trust in favor
of the plaintiff;
        (2) The plaintiff's consent, without any consideration, to accept
less than his due, did not extinguish his equitable claim;
        (3) The decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on March 27,
1933, and afterwards amended, and described in the opinion.

The suit was referred to a master.   Material facts found
by the master are stated in the opinion.   By order of *J. J.
Burns*, J., there were entered an interlocutory decree con-
firming the master's report and a final decree granting to
the plaintiff the relief he sought.   The defendant appealed.

*W. J. MacDonald*, for the defendant.

*C. G. Willard*, for the plaintiff.

LUMMUS, J.   The plaintiff, a childless widower more than
ninety years old, directed the defendant, his nephew, to buy
a piece of real estate with money furnished by the plaintiff.
The plaintiff expected the title to be taken in his name, and
the defendant had no reason to think otherwise.   The de-
fendant, however, took title in his own name.   As soon as
the plaintiff learned the fact, he insisted upon having title.

The defendant's wife objected to signing a deed, and there was considerable negotiation. At last, the parties met in the office of the defendant's attorney, where the plaintiff accepted a deed from the defendant which contained a reservation to the defendant for his life of the use of the barn and shed and part of the land. Soon afterwards the plaintiff became dissatisfied, and brought this bill to compel the release to him of the interest reserved by the defendant.

The defendant held title upon a resulting trust for the plaintiff. The plaintiff had an equitable right to a conveyance of the entire title, and the defendant as trustee had no right to withhold anything. *Howe* v. *Howe*, 199 Mass. 598. *Davis* v. *Downer*, 210 Mass. 573. *Dwyer* v. *Dwyer*, 275 Mass. 490. *Cook* v. *Howe*, 280 Mass. 325. The plaintiff's consent, without any consideration, to accept less than his due, did not extinguish his equitable claim, any more than acceptance of part of an undisputed debt bars an action at law for the rest. *Caragulian* v. *Rudd*, 282 Mass. 260.

*Decree affirmed with costs.*