74 So.2d 445

### Elizabeth Sledge ROBERSON

v.

### Melvin ROBERSON.

#### 6 Div. 705.

Supreme Court of Alabama.

Aug. 30, 1954.

Peter A. Hall and Oscar W. Adams, Jr., Birmingham, for appellant.

Wilkinson & Skinner, Birmingham, for appellee.

STAKELY, Justice.

This is an appeal from a final decree of the equity court in a suit brought by Elizabeth Sledge Roberson (appellant) against her former husband Melvin Roberson (appellee). Elizabeth Sledge Roberson filed her bill against Melvin Roberson praying for the sale for division of a certain house and lot located in the City of Birmingham, Alabama. Melvin Roberson filed an answer denying that Elizabeth Sledge Roberson had any interest in the property and by cross bill sought to secure a decree divesting Elizabeth Sledge Roberson of any claim, title or interest which she might have in the property. The court after hearing the testimony orally rendered a decree denying relief to Elizabeth Sledge Roberson under her original bill and granted relief to Melvin Roberson under his cross bill.

The evidence shows that Melvin Roberson and Elizabeth Sledge Roberson on January 1, 1947, were living as husband and wife on the property in question in this suit. They lived together as husband and wife until some time in January 1950 when she left him and obtained a divorce. The proof further shows that Melvin Roberson contracted for the purchase of the property from one W. B. Hall. The deed dated January 1st, 1947 that W. B. Hall executed and delivered included the names of both Melvin Roberson and Elizabeth Sledge Roberson as grantees. The entire consideration for the property, however, was paid by

Melvin Roberson and from the time of its purchase he alone paid for the repairs on the property and the upkeep on the property and he alone paid taxes on the property. Just as the court stated in its decree, the deed was prepared by W. B. Hall, who believed it necessary for the deed to be made out to both parties and so instructed his lawyer who drew the deed. This appears to have been done without explanation to or the concurrence of the purchaser as to how the deed should be made.

■ According to the words of the trial judge in considering the case he was well aware of the presumption which obtains in a situation of this kind that a gift is intended where the husband purchases real estate taking title in whole or in part to his wife. Swendick v. Swendick, 221 Ala. 337, 128 So. 593, 594. This presumption, however, is not a presumption of law, "but one of fact and may be overcome by proof of the real intent of the parties as reflected in the conditions and circumstances attending the transaction." Swendick v. Swendick, supra. The court, despite the presumption, found that Melvin Roberson contracted to purchase and paid the purchase price of the property and the deed through mistake or inadvertence included the name of the wife as a grantee. The court in effect found that a resulting trust should be established and enforced. Swendick v. Swendick, supra; Young v. Greer, 250 Ala. 641, 35 So.2d 619.

■ We have read the record with care and after careful consideration are of the opinion that we should give to the decree of the trial court the presumption that attends the findings of the trial court when a case is heard orally before the court. This means that we concur in the decree of the trial court and consider that it should be upheld. Willis v. Excello Bottling & Ice Co., 202 Ala. 513, 81 So. 15

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.