### N. F. PAUL v. C. H. NEECE.

(Filed 10 October, 1956.)

**1. Appeal and Error § 38—**

    Assignments of error not set out in appellant's brief and not supported by reason or argument are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Trusts § 2a—**

    The pleadings and evidence in this action to establish a parol trust *held* sufficient to be submitted to the jury under the principle that where one person buys land under a parol agreement to do so and to hold it for another until he pays the purchase price, the purchaser becomes a trustee for the party for whom he purchases the land, and equity will enforce such an agreement.

**3. Same—**

    If an agreement to purchase and hold land for another is made at or before the time the legal estate passes, the agreement creates a parol trust, and it is not required that there be consideration to support it.

**4. Trial § 31d—**

    Where the *quantum* of proof necessary to establish the cause of action is not stated in one paragraph of the charge relating to the elements necessary to constitute such cause of action, but the following paragraphs repeatedly and correctly state the *quantum* of proof, the charge read contextually is not prejudicial.

**5. Trusts § 2b—**

While in an action to establish a parol trust the burden is on plaintiff to show by clear, strong and convincing proof an agreement with defendant constituting the basis of the action, on the subsequent issue as to the amount defendant paid for the lots, the burden of proof on plaintiff is only to show the amount by the preponderance of evidence.

**6. Pleadings § 22b—**

The amendment allowed by the trial court in this case *is held* not to supply a fatal deficiency in the complaint, but was addressed to the discretion of the court and not appealable.

**7. Trusts § 2b—**

The charge of the court in this case on the issue of a parol trust *is held* without error.

**8. Appeal and Error § 1—**

In this action to establish a parol trust in lands, defendant defended solely on the ground that he made no such contract as plaintiff alleged as the basis of the action. *Held:* On appeal defendant may not defend on the ground of want of payment or tender, or on the ground that plaintiff was attempting to vary the alleged trust by having deeds prepared not only to himself, but also to his son for part of the lands, since the theory upon which the case is tried in the court below must prevail in considering the appeal and in interpreting the record and in determining the validity of exceptions.

JOHNSON, J., not sitting.

APPEAL by defendant from *Sharp, S. J.,* at April Civil Term 1956, of WASHINGTON.

Civil action to establish a parol trust in lands.

The record and case on appeal pertaining to the case in hand disclose the following:

Plaintiff alleges in his complaint and, upon the trial in Superior Court testified, in substance, that on 17 June, 1950, he, having entered into, or negotiated an agreement to purchase from Norfolk Southern Railway Company an area of land in Washington and Hyde Counties, North Carolina, comprising approximately 2,250 acres at given price for different areas of the acreage, consulted the defendant to ascertain whether he would be interested in acquiring a part of the lands; that he, plaintiff, and defendant thereupon agreed that plaintiff would acquire title to seven lots numbers 43 to 49 of given registered Estate Numbers containing 466 acres in Washington County, and the balance to be acquired by defendant; that it was agreed by and between plaintiff and defendant that title to the entire 2,250 acres be conveyed to defendant, and immediately upon the registration of the deeds and the issuance of certificates of title to defendant, he would thereupon reconvey to plain-

tiff the registered estates covering said lot numbers, containing 466 acres; that the amount of the total purchase price to be paid by plaintiff was thereupon agreed to by plaintiff and defendant; that in March 1951 defendant accepted and filed for registration deed covering all of said lands and paid the total purchase price of $2,200; that at the time it was agreed that defendant should take title to all of said land and reconvey the 466 acres to plaintiff, plaintiff expressly informed defendant he was ready, able and willing to pay the purchase price of the lands to be acquired by him any time defendant should call for it; that immediately after the conveyances were accepted by defendant, and on numerous occasions since, plaintiff demanded deed from defendant for his land; that defendant made excuse for inability to do so, and promised that he would, but he has not done so; and that by reason of the foregoing parol agreement defendant is holding in trust for plaintiff lands he should acquire out of the purchase, as specifically described in the complaint, as above set forth.

Defendant, answering, and as a witness upon trial in Superior Court, denied that he made any such agreement with plaintiff as alleged and contended by plaintiff.

The case was submitted to the jury, under charge of the court, upon these issues, which the jury answered as indicated:

"1. Before the Norfolk Southern Railway conveyed the lands described in paragraph 2 of the complaint to the defendant Neece, did he agree with plaintiff Paul that he would take title to said lands in trust for Paul and convey them to him, upon payment of the purchase price which the defendant Neece paid to the railroad for said lots? Answer: Yes.

"2. If so, what was the purchase price paid to the railroad for said lots? Answer: $549.88.

"3. Did the plaintiff Paul pay to the Voliva Lumber Company the sum of $800.00 of his own funds for the defendant Neece? Answer: No."

Judgment was entered in pertinent part adjudging plaintiff to be the owner of the lands in question, and appointing a commissioner of the court to execute a good and sufficient deed therefor to plaintiff, and ordering that upon the execution of the deeds by the commissioner, plaintiff shall pay over to him for the defendant the sum of $549.88, together with interest, costs and other charges contained in the Stipulation filed in the cause.

Defendant excepted thereto and appeals to Supreme Court and assigns error.

PAUL *v.* NEECE.

*Norman & Rodman for Plaintiff Appellee.*
*Harry B. Brown for Defendant Appellant.*

WINBORNE, C. J.   While the record shows that defendant, the appellant, assigned as error the denial of his motion, made when plaintiff first rested his case, and renewed at the close of all the evidence, for judgment as of nonsuit, these assignments of error are not set out in appellant's brief nor is reason or argument stated or authority cited in support thereof.   Hence under Rule 28 of Rules of Practice in the Supreme Court, 221 N.C. 544, at 562, the exceptions are taken to be abandoned. Indeed, the exceptions presented are untenable.

For it is uniformly held to be the law in this State that where one person buys land under a parol agreement to do so and to hold it for another until he repays the purchase money, the purchaser becomes a trustee for the party for whom he purchased the land, and equity will enforce such an agreement.   *Hare v. Weil,* 213 N.C. 484, 196 S.E. 869, citing *Cohn v. Chapman,* 62 N.C. 92; *Cobb v. Edwards,* 117 N.C. 244, 23 S.E. 241; *Owens v. Williams,* 130 N.C. 165, 41 S.E. 93; *Avery v. Stewart,* 136 N.C. 426, 49 S.E. 775; *Allen v. Gooding,* 173 N.C. 93, 91 S.E. 694; *Peterson v. Taylor,* 203 N.C. 673, 166 S.E. 800.

In *Owens v. Williams, supra,* it is stated that "Whenever land is conveyed to one party under an agreement that he is to hold it for another, he becomes a trustee, whether this agreement is made at the time of conveyance or is made before, and the land is conveyed in pursuance of said agreement."

And in *Hare v. Weil, supra,* this Court said that "a parol trust does not require a consideration to support it.   If the declaration is made at or before the legal estate passes, it will be valid even if in favor of a mere volunteer," citing cases.

Applying this principle to case in hand the pleadings raise the issue first stated in the record, and the evidence offered upon trial in Superior Court is adequate to justify and require the submission of the issue to the jury.

Appellant assigns as error Numbers 7 and 8 based upon exceptions 6 and 7 respectively,—portions of the charge in respect to the first issue.   But in his brief filed here only a portion of that covered by exception 6 is quoted.   From this it is contended that there is a conflict of instruction on the *quantum* of proof required.   However, the two portions of the charge appear consecutively and when so read the court clearly stated to the jury that the establishment of a parol trust is required to be by evidence which is clear, strong and convincing—that a "mere preponderance" of the evidence is not sufficient to establish a parol trust.   Indeed, in the specific portion of the charge covered by that portion so quoted, as above stated, no rule as to *quantum* of proof

is stated. But in the following paragraphs the rule is stated repeatedly and correctly. Hence this Court holds that prejudicial error therein is not made to appear.

Appellant also assigns as error this portion of the charge: "The burden of proof as to the second issue is on the plaintiff to satisfy you by the greater weight of the evidence as to what was the amount of the purchase price paid by the defendant to the railroad for the seven lots in question." Assignment of error Number 11, Exception 10.

It is contended by appellant that the *quantum* of proof on the second issue is by evidence which is clear, strong and convincing,—that the amount of the purchase price to be paid by plaintiff to defendant was an integral part of the parol trust. Appellee contends, and this Court holds properly so, that the first issue determined the question as to whether or not there was a parol trust—an integral part of which was the agreement by plaintiff to repay the purchase price which defendant paid to the railroad for the lots. The burden as to this comes within the *quantum* "clear, cogent and convincing." But the second issue only elicits the amount to be paid, and would seem to come within the general rule—that in civil matters the burden of proof is usually carried by preponderance of the evidence, or by its greater weight.

Appellant further excepts to the action of the trial judge in allowing plaintiff to amend his complaint by adding to Section 3 thereof the following: "And that the defendant would thereafter make deed to plaintiff covering said lands," and by striking out the word "was" in line 17 of Section 3 of the complaint and substituting therefor the words "had been" to which assignments of error 1 and 2 based on exceptions 1 and 2 relate.

It is contended by appellant that a careful reading of the original section of the complaint does not contain any alleged declaration of trust,—that the third section shows that the alleged agreement occurred "when the transfer or conveyance was accepted from Norfolk Southern Railway Company," etc., and that the latter part of that section originally speaks of a then agreement that defendant would take title and reconvey, etc.; whereas the permitted amendment puts the agreement in the past tense.

In this connection it is noted that the amendments were allowed by the court in the exercise of her discretion, from which no appeal may be had. Nevertheless, the complaint alleges, particularly in paragraph 2, the agreement between plaintiff and defendant when plaintiff first consulted defendant as hereinabove set forth.

Appellant further presents a group of assignments of error, Number 9 based on Exception 8, Numbers 13 and 14 on Exceptions 12 and 13, respectively, and assignments 16 and 17 on Exceptions 15 and 16.

In this connection it is noted that Exception Number 8 is to this portion of the charge: "Now with reference to this first issue, members of the jury, if the plaintiff has satisfied you by evidence which is clear, strong and convincing that before the Norfolk Southern Railway conveyed the seven lots described in the complaint to the defendant Neece that the defendant Neece agreed with the plaintiff Paul that he would hold the title to those lots for the use and benefit of Paul and would thereafter convey the lots to Paul, upon his paying to the defendant the purchase price which the defendant Neece had paid the railway for those lots, you would answer the first issue yes. If the plaintiff failed to so satisfy you, you would answer it no."

This is a clear statement of applicable principle of law.

Exceptions 12 and 13 are to the failure of the court to declare, explain and apply the law arising on the evidence, as required by G.S. 1-180, (1) "to the effect that the amount of the purchase price and its payment or tender, and the keeping of the tender good, was a part of the alleged parol trust, to be proved by the plaintiff by evidence clear, cogent and convincing before the jury could answer the first issue Yes," and (2) "particularly as to the evidence of plaintiff in attempting to vary the alleged trust by having had deeds prepared not only to himself, but also to his son for a part of the lands the subject matter of the alleged parol trust."

These exceptions are contrary to the theory upon which the case was tried in Superior Court. Defendant was contending there that he made no such contract as plaintiff alleged, and as to which he testified,—and was not entitled to prevail on the theory of parol trust. Defendant may not now be heard to change the theory of the trial.

It is a well settled principle in this State that the theory upon which the case is tried in the courts below must prevail in considering the appeal and in interpreting a record and in determining the validity of exceptions. *Simons v. Lebrun,* 219 N.C. 42, 12 S.E. 2d 644, and cases cited. Also *Hinson v. Shugart,* 224 N.C. 207, 29 S.E. 2d 694.

All authorities cited by defendant in connection with assignments of error have been examined and found to be distinguishable, and all assignments of error have been given due consideration and are found to be without merit. Hence in the judgment from which appeal is taken, the Court finds

No error.

JOHNSON, J., not sitting.