FLOYD E. WADDELL v. ADELAIDE G. CARSON.

(Filed 27 March, 1957.)

1. **Appeal and Error § 1—**

    The theory of trial in the lower court must prevail in considering the appeal.

2. **Trusts § 4—**

    Where one party pays the consideration for lands but title is conveyed to another, a resulting trust arises by operation of law when it is made to appear from all the attendant facts and circumstances that at the time of the transfer the parties so intended, and as a general rule such intent will be assumed, in the absence of evidence to the contrary, when the person

furnishing the consideration is under no legal obligation to the party to whom the conveyance is made.

**3. Same—**

Where the husband furnishes consideration for a conveyance of land to the wife, there is a rebuttable presumption of fact that the deed is a gift, and no resulting trust can arise unless this presumption is rebutted by clear, strong, cogent and convincing proof.

**4. Same—**

Evidence in this case that the husband furnished the entire consideration for lands conveyed to his wife, that both husband and wife signed the purchase money mortgage and deed of trust, that the grantor prepared and had registered the deed and the deed of trust, that the husband did not know that the conveyance had been made to his wife alone, rather than to himself and wife, until some years later, and that then the wife attempted to convey the premises to him, *is held* sufficient to be submitted to the jury in his action to establish a resulting trust as against the wife's heir.

**5. Evidence § 32—**

A husband, who has testified that he knows his wife's handwriting, is competent to testify after his wife's death, that her signature was on the note in question, and while his further testimony that she signed the instruments in question is technically incompetent under G.S. 8-51, such further testimony will not be held prejudicial when this fact is established by other competent testimony.

**6. Same—**

Testimony of a witness as to what he himself did in regard to the transaction does not come within the prohibition of G.S. 8-51 when it does not relate to acts or communications with the deceased person in regard to such transaction.

**7. Appeal and Error § 19—**

An assignment of error not supported by an exception will be disregarded.

**8. Appeal and Error § 41—**

Where deed is admitted in evidence without objection, testimony of the notary public that she took the married woman's acknowledgment to the deed and as to the circumstances of its execution, introduced for the purpose of showing intent, cannot be prejudicial, it being admitted that the deed was inoperative for failure to comply with G.S. 52-12.

**9. Appeal and Error § 38—**

Assignments of error not supported by any argument or citation of authority are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**10. Trusts § 4—**

In the husband's action to establish a resulting trust in lands paid for by him but conveyed to his wife, evidence that after the conveyance he

WADDELL *v.* CARSON.

paid the taxes on the property is competent upon the question of intent and as tending to rebut the presumption of a gift.

## 11. Trial § 36—

Assignment of error to the form of the issue cannot be sustained when the issue is sufficient in view of the instructions of the court.

## 12. Trusts § 4—

In the husband's action to establish a resulting trust in lands paid for by him but conveyed to his wife, no statute of limitations is applicable when the evidence discloses that he has been in continuous possession of the property.

## 13. Same: Trial § 31b—Failure of court to instruct jury as to presumption of fact, as distinguished from presumption of law, held not prejudicial in absence of request for instructions.

In the husband's action to establish a resulting trust in lands on the ground that he furnished the entire consideration therefor and did not know that the conveyance had been made to his wife alone until shortly before the institution of the action, the failure of the court to charge on the rebuttable presumption of fact that the law presumed, nothing else appearing, that the conveyance was a gift, will not be held for prejudicial error in the absence of a request for such instructions when the court repeatedly charges that the burden of proof to establish the trust was on the husband to satisfy the jury by evidence, strong, clear and convincing.

## 14. Appeal and Error § 40—

A new trial will not be granted for mere technical error, but the burden is upon appellant to show error which in reasonable probability affected the result.

BOBBITT, J., concurring in result.

RODMAN, J., concurs in concurring opinion.

APPEAL by defendant from *Clarkson, J.,* Regular September Civil Term 1956 of BUNCOMBE.

Civil action to have defendant declared a trustee for plaintiff's benefit in certain real property.

This issue was submitted to the jury: "Is the defendant trustee of a resulting trust, in favor of the plaintiff, of the real property described in the complaint?" The jury answered the issue Yes.

To the judgment entered in accordance with the verdict defendant excepted, and appeals.

*J. Marvin Glance and Ward & Bennett for Plaintiff, Appellee.*

*William C. Hampton, Charles M. Fortune and Zebulon Weaver, Jr., for Defendant, Appellant.*

PARKER, J.   Plaintiff married Alice Fortune Guffey on 2 May 1927. They lived together as man and wife, until her death on 12 May 1954. No issue was born of the marriage.   By a prior marriage Alice Fortune Guffey was the mother of one child, the defendant Adelaide G. Carson, who was born in 1908.   She married in November 1927, and has since lived in Fort Myers, Florida.   On 25 March 1932 plaintiff and his wife, owning no home, entered into a written "Land Contract" with the Prudential Insurance Company of America, in which it agreed to sell, and they agreed to buy, the real property described in the complaint to be used by them as a home.   The contract designates the Insurance Company, "party of the first part, vendor," and Alice Fortune Waddell, and Floyd E. Waddell, her husband, the plaintiff, "party of the second part, vendee."   The purchase price was $6,000.00.   The contract provided that $610.83 should be paid within a fixed period, and when that was paid, the Insurance Company would convey to the party of the second part by proper deed the land therein described, and that the party of the second part would execute and deliver to the Insurance Company a mortgage on the property and note to secure the remainder of the purchase price.

Plaintiff was a Pullman car conductor, and out of his salary paid the $610.83.   Thereafter, on 1 September 1932 plaintiff and his wife went to the office of the Insurance Company in Asheville, and executed and delivered to it their note signed by both in the sum of $5,389.17, representing the balance of the purchase money due on the property on that date, and a deed of trust upon the property securing their note.   When this was done, the agent of the Insurance Company said the deed to the property would have to be executed at the home office in New Jersey, that it would be mailed to him, that the deed of trust and deed would be registered at the same time, and then the deed would be delivered to them.

The deed of trust is not in evidence.   On cross-examination plaintiff testified he did not read the deed of trust before he signed it, and that under the description of the property in the deed of trust appear these words, "being the same premises conveyed to Alice F. Waddell, one of the parties of the first part, by the party of the third part by deed of even date herewith."

The executed and delivered deed of the Prudential Insurance Company designated Alice F. Waddell as sole grantee of the real property therein conveyed, which is the property described in the Land Contract, the Deed of Trust and the Complaint.   The deed bears date of 1 September 1932, was acknowledged by the company on 27 September 1932, and was duly recorded in the public registry of Buncombe County in Book 453, page 21, on 27 December 1932.   The Insurance Company had the deed and deed of trust recorded.

In March 1932 plaintiff and wife moved into the house on the property they bought, and he and his wife used it as a home as long as she lived, and he has so used it since then. At the time of the delivery of the deed, his wife owned no real estate or money, and did not work thereafter.

Plaintiff worked as a Pullman car conductor from September 1919 to December 1943 at a monthly salary of about $250.00. Since then he has been a postal clerk, running out of Asheville. He has paid every penny of the purchase price of the property bought from the Insurance Company out of his salary as a Pullman car conductor. He has paid for improvements on the property in the amount of about $4,000.00, and has listed and paid all the taxes on this property from 1932 up to the present time, all out of his salary.

In 1945 plaintiff's wife had a stroke of paralysis. For six months she was in bed, then up for a while, then she was in bed about two years before her death in May 1954. Plaintiff and his wife were the only persons living in the house during her illness.

In July 1950 plaintiff was searching through some files at home, and ran across the deed from the Prudential Insurance Company, and read it. He saw the mistake that his name did not appear in the deed, and that was the first time he knew his name was not in the deed.

Plaintiff offered in evidence, not for the purpose of showing title in his wife, but for the purpose of corroborating himself a recorded deed, dated 18 July 1950, from Alice F. Waddell to himself, conveying to him in fee simple the property conveyed to her by the Insurance Company. The defendant did not object to the introduction of this deed. The court instructed the jury that this deed conveying the property therein described was void, and conveyed no title to plaintiff, for the reason that it did not have attached to it the certificate of the probate officer as required by G.S. 52-12.

Plaintiff alleged that the defendant claims an estate in the real property adverse to him, and that he is entitled to have this claim, which is a cloud upon his title, removed, but if it should be held, that the deed from his wife to him did not vest in him a fee simple title to the property, that the defendant be declared by the court to be a trustee in equity of the naked legal title to the property for his benefit.

The case was tried below on the theory of a resulting trust. That theory must prevail in considering the appeal. *Paul v. Neece*, 244 N.C. 565, 94 S.E. 2d 596.

The defendant assigns as error the denial of her motion for judgment of nonsuit made at the close of plaintiff's evidence. The defendant offered no evidence.

In this case no rights of a *bona fide* purchaser for value, without notice, actual or constructive, of the alleged trust have intervened.

A resulting trust is a creature of equity, and arises by implication or operation of law to carry out the presumed intention of the parties, that he, who furnishes the consideration for the purchase of land, intends the purchase for his own benefit. *Bowen v. Darden,* 241 N.C. 11, 84 S.E. 2d 289; *Lawrence v. Heavner,* 232 N.C. 557, 61 S.E. 2d 697. "This being true, a resulting trust does not arise where a purchaser pays the purchase price of property and takes the title to it in the name of another unless it can be reasonably presumed from the attending circumstances that the parties intend to create the trust at the time of the acquisition of the property." *Lawrence v. Heavner, supra.* In the final analysis, whether or not a resulting trust arises in favor of the person paying the consideration for a transfer of property to another, depends on the intention, at the time of transfer, of the person furnishing the consideration, and such intention is to be determined from all the attendant facts and circumstances. 89 C.J.S., Trusts, p. 966. See 89 C.J.S., Trusts, Sec. 133, as to admissibility of evidence to establish a resulting trust.

The general rule, which is supported by the overwhelming weight of authority, is, that in the absence of circumstances indicating a contrary intention, where on the purchase of property, the conveyance of the legal title is taken in the name of one person, for whom the purchaser is under no legal obligation to provide, and the purchaser has paid part of the purchase price and has incurred an absolute obligation to pay the remainder as a part of the original transaction of purchase at or before the time of conveyance, a resulting trust arises by operation of law in favor of the person furnishing all the consideration, and the person thus obtaining the title is a trustee for his benefit. *Rhodes v. Raxter,* 242 N.C. 206, 87 S.E. 2d 265; *Bullman v. Edney,* 232 N.C. 465, 61 S.E. 2d 338; *Creech v. Creech,* 222 N.C. 656, 24 S.E. 2d 642; *Wilson v. Williams,* 215 N.C. 407, 2 S.E. 2d 19; *Tire Co. v. Lester,* 190 N.C. 411, 130 S.E. 45; *Summers v. Moore,* 113 N.C. 394, 18 S.E. 712; *Bank v. Scott,* 184 N.C. 312, 114 S.E. 475; *Scanlon v. Scanlon,* 6 Ill. 2d 224, 127 N.E. 2d 435; 89 C.J.S., Trusts, pp. 973-974.

However, as here, where the husband seeking to establish a resulting trust offers evidence to the effect that the conveyance was made to his wife on a consideration paid in full by him, nothing else appearing, the law presumes that it is a gift, and no resulting trust arises. *Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598; *Shue v. Shue,* 241 N.C. 65, 84 S.E. 2d 302; *Bass v. Bass,* 229 N.C. 171, 48 S.E. 2d 48; *Carlisle v. Carlisle,* 225 N.C. 462, 35 S.E. 2d 418. This is a rebuttable presumption of fact. *Bass v. Bass, supra; Carlisle v. Carlisle, supra; Bank v. Crowder,* 194 N.C. 312, 139 S.E. 601. To rebut the presumption of a gift to his wife and to establish a resulting trust, the evidence must be clear,

strong, cogent and convincing. *Honeycutt v. Bank, supra; Shue v. Shue, supra; Carlisle v. Carlisle, supra.*

In *Flanner v. Butler,* 131 N.C. 155, 42 S.E. 547, the following issues were submitted to the jury: "1. Was the land described in article three of the complaint purchased with the money of the plaintiff?  2. If so, was the deed to the defendant made to it without his knowledge or consent?  3. Is the plaintiff's cause of action barred by the statute of limitations?"  The jury answered the first two issues Yes, and the third No.  The Court in considering whether a trust could be established between husband and wife, since property purchased by the husband and conveyed to the wife is presumed to be a gift, said: "But this is only the presumption of a fact the law makes, which may be rebutted by evidence, and when this is done the parties then stand as if they were not man and wife, that is, they stand as other parties, and the general rule prevails. *Faggart v. Bost,* 122 N.C. 517.  This being so, and the jury having found that this 'Front street property' was bought with the plaintiff's money, that the plaintiff directed Larkins to buy it for him, and that the deed was made to the defendant Carrie *without his knowledge or consent,* the plaintiff has a clear case for the enforcement of the general rule and to have the defendant Carrie declared a trustee for his benefit."

*Bowen v. Darden, supra,* was an action to establish a constructive or resulting trust in land.  In that case plaintiff's evidence was that a mother furnished the consideration for the deed to the lands in question, that her son-in-law had the conveyance made to his wife, her daughter, that the mother had confidence in her son-in-law and did not read the deed, and when she found the deed was written like it was, she "near 'bout had a heart attack."  The court held that the evidence was sufficient to overrule defendant's motion for judgment of nonsuit.

In *Deans v. Deans,* 241 N.C. 1, 84 S.E. 2d 321, a husband and wife purchased land with the agreement the deed should be made to them jointly, each having a one-half interest.  Unknown to the wife the conveyance was made to the husband alone.  The Court said under such facts equity creates a trust in favor of the wife commensurate with her interest in the subject matter.

In *Spence v. Pottery Co.,* 185 N.C. 218, 117 S.E. 32, according to the allegations of the plaintiff's complaint, she and her husband purchased a tract of land; one-half of the proceeds came from plaintiff's individual funds; and it was the mutual understanding and agreement that the title to the property was to be taken in their names, vesting in them as grantees an estate by the entirety.  It was also alleged that by inadvertence or mistake of the draftsman the deed was made solely to the husband.  This error was discovered 15 years after the purchase of the land.  Plaintiff and her husband had been in the continuous possession

of the property since its purchase. The Court held plaintiff's complaint alleged sufficient facts to establish a trust.

In *Roberson v. Roberson*, 261 Ala. 371, 74 So. 2d 445, it was held that where a husband contracted to purchase realty, and paid the purchase price and the deed through mistake or inadvertence included his wife's name as grantee, and it appears that this was done without explanation to or the concurrence of the purchaser as to how the deed should be made, a resulting trust was established, and the divorced wife was divested of claim or title she had in the realty.

In *Bosworth v. Bosworth*, 285 Mass. 82, 188 N.E. 612, a ninety-year old uncle directed the defendant, his nephew, to buy a tract of real estate with money furnished by him. The nephew took title in his own name. It was held that the defendant held title upon a resulting trust for his uncle, the plaintiff. See also *Druker v. Druker*, 308 Mass. 229, 31 N.E. 2d 524; *Siemientkoskie v. Graboskie*, 324 Pa. 516, 188 A. 537.

In 89 C.J.S., Trusts, p. 968, it is said: "Where the title to the property is taken in the name of a third person without the knowledge or assent of the person paying the consideration, the resulting trust therein arises, as of course, in favor of the latter, as where the purchase price is paid by one person, with the real intention that the title thereto shall be taken in his name, but by mistake or otherwise it is taken without his knowledge or consent in the name of a third person . . ."

Considering plaintiff's evidence with the liberality we are required to do on a motion for judgment of nonsuit, and giving to him the logical inferences reasonably to be drawn therefrom, it tends to show that he furnished the entire consideration as a part of the original transaction of purchase at or before the time of conveyance with the real intention that the title thereto should be taken in the name of himself and his wife, vesting in them an estate by the entirety, but by mistake or inadvertence title was taken without his knowledge or consent in the name of his wife alone. His evidence is sufficient to carry the case to the jury on the theory of a resulting trust, and the motion for judgment of nonsuit was properly overruled.

Defendant in her brief groups forty assignments of error, and states they "all relate to the introduction of evidence over the objection of the defendant regarding a personal transaction between the plaintiff and his deceased wife under whom he claims."

Plaintiff testified without objection that he knew his wife's handwriting, and over objection was permitted to testify that his wife's signature was under his on the note given to the Insurance Company. This testimony was competent. *Batten v. Aycock*, 224 N.C. 225, 29 S.E. 2d 739. Plaintiff later testified we signed the note, the contract and the deed of trust, and left it with the Insurance Company. This evidence as to his wife's signing seems to be technically incompetent

(*Batten v. Aycock, supra*), but it is not sufficiently prejudicial to justify a new trial, for the reason that plaintiff offered the testimony of Mrs. Stella R. Britt to the effect, that she was a Notary Public, and plaintiff and his wife appeared before her, and she saw them sign the Land Contract, that later they appeared before her and acknowledged their signatures to the deed of trust, and she put her certificates on as a Notary Public.

Other assignments of error under this grouping relate to the plaintiff testifying over defendant's objection that the note and deed of trust were left with the Insurance Company, that the deed was not delivered when the deed of trust was executed, that he never saw the deed before it was delivered, that he did not record it, as to when he first read the deed and first discovered the mistake, as to their living in the house after its purchase, and that he made all the payments to the Insurance Company. This evidence does not come within the prohibition of G.S. 8-51, because it relates primarily to what the plaintiff did, and is not evidence concerning a personal transaction or communication between the witness and a deceased person. Plaintiff testified we bought the property. In the light of Mrs. Stella R. Britt's testimony, this would not justify a new trial.

Prejudicial error sufficient to justify a new trial is not shown under these grouped forty assignments of error, and they are all overruled.

Defendant next groups twenty assignments of error, which she states in her brief relate to the introduction over her objection of a deed from plaintiff's wife to him, which she contends is void by virtue of G.S. 52-12.

The Record shows plaintiff introduced in evidence without objection the deed from his wife to himself. Defendant assigns this as error. However, this assignment of error 67 has no exception to support it, and will be disregarded. *Rigsbee v. Perkins,* 242 N.C. 502, 87 S.E. 2d 926; *Suits v. Ins. Co.,* 241 N.C. 483, 85 S.E. 2d 602. Many of these assignments of error relate to the testimony of Mrs. Lois P. Boatwright that in July 1950 she was a Notary Public, that she took the acknowledgment of Mrs. Waddell to the deed to her husband, and the circumstances of its execution. As the deed was admitted in evidence without objection, Mrs. Boatwright's testimony was not prejudicial.

Under this grouping assignment of error 73 is to the introduction in evidence of a discharge in bankruptcy of Mrs. Waddell. No argument is made, or citation of authority given in support of this assignment of error, and it is deemed abandoned. Rules of Practice in the Supreme Court, Rule 28, 221 N.C. 563.

Under defendant's twenty grouped assignments of error, error sufficient to justify a new trial is not made to appear, and all are overruled.

Defendant groups six assignments of error in her brief, and contends

that the court committed error in admitting in evidence over her objection that plaintiff paid the taxes out of his salary on the property from the time of purchase to the present. This evidence was competent for the jury to consider in arriving at plaintiff's intention at the time of the conveyance, and as tending to rebut the presumption of a gift of the property to his wife. *Scanlon v. Scanlon, supra;* Bogert's The Law of Trusts and Trustees, Vol. 2A, p. 483.

The other assignments of error as to the admission of evidence have been examined, and are overruled.

Defendant assigns as error the form of the issue. We think it was sufficient, where proper instructions are given. *Thompson v. Davis,* 223 N.C. 792, 28 S.E. 2d 556.

Defendant assigns as error the judge's charge that the Statute of Limitations was not applicable. The charge in that respect was correct. All the evidence shows that plaintiff and his wife were in the continuous possession of the property purchased until her death, and that he has been in the continuous possession of it since. Therefore, his right of action to have defendant declared a trustee for his benefit is barred neither by any Statute of Limitations, nor by lapse of time. *Bowen v. Darden, supra; Spence v. Pottery Co., supra.*

Plaintiff assigns as error that the judge failed to charge the law on the substantive features of the case arising on the evidence, in that the judge failed to charge that when a conveyance is made to a wife on a consideration paid in full by the husband, nothing else appearing, the law presumes that it is a gift, that it is a rebuttable presumption of fact, and to rebut it the evidence must be clear, strong, cogent and convincing.

In *S. v. Boswell,* 194 N.C. 260, 139 S.E. 374, the Court in a well reasoned opinion by *Brogden, J.,* held that where upon a homicide trial the judge has fully and sufficiently charged the jury that the State must satisfy them of the defendant's guilt beyond a reasonable doubt, the mere failure of the judge to instruct the jury as to the presumption of the defendant's innocence will not be sufficient to grant a new trial in the absence of a special request to that effect, this presumption not being considered as evidence in the case.

The Court said in *In re Will of Wall,* 223 N.C. 591, 27 S.E. 2d 728: "The term presumption as connotating a presumption of law is generally used as indicative of a mandatory deduction which the law directs to be made, in the sense of a rule of law laid down by the Court, while a presumption of fact used in the sense of an inference is a deduction from the evidence, having its origin in the well recognized relation between certain facts in evidence and the ultimate question to be proven. In that case the Court quoted from *Gillett v. Michigan United Traction Co.,* 205 Mich. 410, 171 N.W. 537, as follows: "It is now quite generally

held by the courts that a rebuttable or *prima facie* presumption has no weight as evidence. It serves to establish a *prima facie* case; but, if challenged by rebutting evidence, the presumption cannot be weighed against the evidence. Supporting evidence must be introduced, and it then becomes a question of weighing the actual evidence introduced, without giving any evidential force to the presumption itself." This language of the Michigan Court has been quoted with approval in *Jeffrey v. Manufacturing Co.*, 197 N.C. 724, 150 S.E. 503.

In *Com. v. Malbon*, 195 Va. 368, 78 S.E. 2d 683, the Court, speaking by its learned *Chief Justice*, said: "The presumption sought to be established by the instruction is a presumption of fact and not one of law. 'As a general rule a court will always instruct a jury with reference to presumptions of law, but it will ordinarily not instruct a jury with reference to presumptions of fact, for this would be obviously an encroachment on their province, they being the judges of fact. 7 Michie's Jurisprudence of Virginia and West Virginia, Sec. 18, pp. 349-350.' "

In the instant case the judge instructed the jury that the burden of proof to establish the trust was upon the plaintiff to satisfy the jury by evidence strong, clear and convincing. He further charged that, if the plaintiff had satisfied the jury by evidence that was strong, clear and convincing, that in 1932 he and his deceased wife entered into a contract with the Prudential Insurance Company, whereby he and his wife agreed to buy as tenants by the entirety, and the Insurance Company agreed to sell them the land described in the complaint, and that thereafter through a mistake a deed was made by the Insurance Company to the wife alone, but that it was the intention of the plaintiff and his wife that both should be named grantees in the deed, so that the estate should be vested in them as tenants by the entirety, and that the plaintiff furnished the entire consideration for the purchase out of his own funds then, and in that event, that is, if the plaintiff has satisfied you by strong, clear and convincing evidence of all these facts, and every one of them, it would be the jury's duty to answer the issue Yes; but if the plaintiff had failed to satisfy the jury by clear, strong and convincing evidence of each and every one of those facts, the jury should answer the issue No.

In view of this instruction by the judge as to what facts the jury must find by clear, strong and convincing evidence to answer the issue Yes, we do not feel constrained to upset the verdict and judgment for failure of the judge to charge the jury as to the rebuttable presumption of fact of a gift to the wife in the absence of a special request by the defendant for such an instruction.

The other assignments of error to the charge have been examined, and all are overruled.

The defendant offered no evidence. There is no evidence, or even a suggestion, that a penny of her money or of her mother's was paid for the purchase of this property. Plaintiff paid the entire purchase price, and listed the property and paid all the taxes, made $4,000.00 of improvements, all out of his salary, ministered to his wife in her protracted illness to the end, and, if he cannot prevail in his action, will be put out of his home in his old age. All the equities are with him.

Technical error is not sufficient to disturb a verdict and judgment. The burden is on the appellant to show prejudicial error amounting to the denial of some substantial right; or to phrase it differently, to show, if the error had not occurred, there is a reasonable probability the result of the trial might have been materially more favorable to her. *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657. This she has not shown.

No error.

BOBBITT, J., concurring in result: I concur in the result. As to one feature, my ideas differ from those expressed in the Court's opinion.

Where the husband purchases property and *causes* it to be conveyed to his wife, the law presumes that it is a gift and no resulting trust arises. *Shue v. Shue,* 241 N.C. 65, 84 S.E. 2d 302, and cases cited. This, in my opinion, is a true presumption. Although rebuttable, the significance of this true presumption is that the fact is deemed established unless and until it is rebutted by clear, strong, cogent and convincing evidence. Stansbury, N. C. Evidence, sec. 215 *et seq.; Shue v. Shue, supra.*

True, in *Carlisle v. Carlisle,* 225 N.C. 462, 35 S.E. 2d 418, and in other cases, we have referred to such presumption as a presumption of fact; but, upon analysis of such cases, I think it clear that the phrase, a presumption of fact, as used therein, signifies only that the fact of gift is presumed. Its status as a true presumption casts the burden of proof upon any person who asserts that the true fact is otherwise. Stansbury, N. C. Evidence, sec. 215 *et seq.*

We have here a different situation from that considered in *Carlisle v. Carlisle, supra,* and similar cases. In that case, the husband *caused* the deed to be made to his wife. He undertook to rebut the true presumption of gift by evidence tending to show that he directed the deed to be so made pursuant to their agreement that she was to hold title for their joint benefit.

Here there is no allegation or evidence that the deed was made to plaintiff's wife under such an agreement. Therefore, if in fact plaintiff *caused* the deed to be made to his wife, there is no evidence to rebut the aforesaid true presumption.

The difference here is that plaintiff's case rests on two elements, first, that he paid the entire purchase price, *and* second, that the deed

was made to his wife, rather than to husband and wife, *by mistake,* without his knowledge or consent.

In the absence of testimony tending to show that he *caused* the deed to be made to his wife, this question arises: What presumption, if any, arises from the fact, standing alone, that the deed was made to his wife? In my opinion, the greatest significance that can be given thereto is that it gives rise to a presumption of fact, but only in the sense of an inference that he caused the deed to be so made. Such inference constitutes evidence for consideration by the jury.

Under the facts of this case, the burden of proof was not on defendant to establish that the deed was a deed of gift. The court properly placed upon plaintiff the burden of establishing the aforesaid *two* elements of his case by clear, strong, cogent and convincing evidence; and the jury found that he had done so.

In *Flanner v. Butler,* 131 N.C. 155, 42 S.E. 547, the distinction I am now considering was not drawn into focus; and the Court may well have used the phrase, "presumption of fact," in the sense so often used, to wit, an inference of fact. Too, in view of the jury's verdict, to wit, that the deed was made to the wife without the husband's knowledge and consent, the expression, if used in a sense different from that indicated, did not materially affect the decision and may well be regarded as a *dictum.* Moreover, the case cited in *Flanner v. Butler, supra,* in support of the statement that, nothing else appearing, "the law, owing to the relation of the parties, will presume that the husband intended it as a gift or present to his wife," is *Thurber v. LaRoque,* 105 N.C. 301, 11 S.E. 460. In that case, it was established that the deed was made to the wife "at the instance and request of" the husband. The question involved was whether such deed of gift should be set aside as a fraudulent conveyance at the instance of the husband's creditors.

In short, my view is that the fact, standing alone, that the deed was made to the wife gave rise to no more than an inference of gift. If this be true, it was a subsidiary feature of the case; and, certainly so in the absence of a special request therefor, no instruction relating to the nature of this inference was required.

Hence, in respect of the feature here concerned, I reach the same conclusion by a different course of reasoning.

RODMAN, J., concurs in concurring opinion.