CATHERINE E. JACOBS v. BAREFOOT OIL COMPANY, INC. AND PERCY V. BAREFOOT.

(Filed 13 October, 1965.)

APPEAL by defendants from *Clark (E.B.), S.J.*, 5 April 1965 Session of SAMPSON.

This is a civil action for personal injuries arising out of a collision between plaintiff's automobile and a truck owned by defendant Barefoot Oil Company, Inc. (hereinafter called Company), and being driven at the time by the individual defendant, Percy V. Barefoot (hereinafter called Barefoot). Barefoot was, admittedly, the agent of defendant Company at the time of the collision, and was acting in the course of his employment.

The collision occurred at approximately 7:30 a.m., 27 September 1963, at a point where Rural Paved Road (R.P.R.) 1338 intersects U. S. Highway 421, a north-south highway, from the west, in Sampson County, North Carolina. According to plaintiff's evidence, she had entered U. S. 421 about one mile south of said intersection from a

service station on the western side of said highway. Plaintiff had seen defendant Company's truck, just prior to entering U. S. 421, some 400 yards to the south, proceeding north. Plaintiff testified that she gave both an arm and electrical signal indicating a left turn onto R.P.R. 1338 some 600 feet south of said intersection. Plaintiff "looked back about 150 feet and the road was clear behind" her. As she negotiated the turn onto R.P.R. 1338 from U. S. 421, the collision with defendant Company's truck occurred, causing injuries for which this action was instituted.

Barefoot's testimony was to the effect that when plaintiff entered U. S. 421 from the service station he had to "brake" his truck "to keep from hitting it (plaintiff's automobile) and almost hit it." Barefoot continued "to gain" on plaintiff's automobile until the automobile approached an intersection with a road to the east, some 150 to 175 feet south of the intersection with R.P.R. 1338 to the west, at which time a right-turn electrical signal was indicated by plaintiff's automobile. Plaintiff's car did not turn, but continued north on U. S. 421 until it reached the intersection with R.P.R. 1338 from the west. Barefoot testified that plaintiff's automobile "stopped in front of me and I locked my brakes and blew my horn, and went to the left of it so I would miss it." As Barefoot "went to the left," the collision with plaintiff's automobile occurred. Barefoot contends he saw no signal indicating a left turn, and that he was some four car lengths behind plaintiff when he "went to the left" to avoid hitting plaintiff's automobile.

Barefoot was driving a 1963 Mack truck and oil tanker which was 50 or 55 feet long. The truck and tanker, including the fuel oil that was being transported, weighed 65,000 pounds. Barefoot's testimony is to the further effect that plaintiff's car was traveling about 25 miles an hour; that Barefoot was driving about 40 miles an hour, and at the time of the accident Barefoot was shifting gears in an effort to gain speed. On cross examination Barefoot testified: "When I saw the car in front of me, * * * I pulled to the left and hit my brakes to miss the auto. I would not have been able to stop in that lane (the right lane) without hitting the car. When I cut to the left, I was about a couple of car lengths behind the car."

It was stipulated that, "On September 27, 1963, there was upon the surface of Highway 421 a solid yellow line four inches wide extending from the point where Rural Paved Road 1338 enters U. S. Highway 421 from the east southwardly 500 feet. This line was in the right-hand lane for traffic proceeding northwardly along Highway 421 * * *." Between the points where R.P.R. 1338 enters U. S. 421 from the east and the point where R.P.R. 1338 enters said highway from the west, there were upon the surface of U. S. 421 three painted lines; in the

middle of said highway there was a broken white line four inches in width; and on the east and west thereof and four inches therefrom there were solid yellow lines; that all these lines were painted and maintained by the State Highway Commission.

Plaintiff's motions for judgment as of nonsuit on defendant Company's counterclaim for damage to its truck, and on Barefoot's counterclaim for personal injuries were allowed.

The jury returned a verdict in favor of the plaintiff and from the judgment entered on the verdict the defendants appeal, assigning error.

*John R. Parker and Nelson W. Taylor for plaintiff.*
*James F. Chestnutt for defendant.*

PER CURIAM. The appellants preserved, brought forward and argued numerous assignments of error. However, a careful review of the evidence, stipulations, admissions, and the charge of the court leads us to the conclusion that prejudicial error amounting to the denial of a substantial right has not been shown; and the burden is on the defendants to show that if the alleged errors had not occurred, there is reasonable probability the result of the trial might have been different. *Waddell v. Carson*, 245 N.C. 669, 97 S.E. 2d 222; *Johnson v. Heath*, 240 N.C. 255, 81 S.E. 2d 657.

The testimony of the defendant Barefoot, in our opinion, was sufficient to establish actionable negligence against the defendants.

The verdict and judgment entered below will not be disturbed.

No error.