JACKSON L. LASATER, MALCOLM LASATER, BETTY LASATER
FARMER, GILBERT LASATER, MARY FRANCES LASATER
TIERNAN, ROBERT LASATER, AND MARY FRANCES LASATER,
WIDOW, PETITIONERS v. WILLIAM EARL LASATER, RESPONDENT

No. 7311SC389

(Filed 27 June 1973)

Trusts § 13— purchase of land at tax foreclosure sale — issue as to result-
ing trust raised — summary judgment improper

In an action to partition lands allegedly owned by the petitioners
and respondent, heirs at law of deceased, as tenants in common, the
pleadings of the parties disclosed an issue of material fact as to
whether the deceased agreed with respondent and his wife to pur-
chase at a tax foreclosure sale 2.6 and 7 acre tracts of land and hold
the title thereto in trust for the benefit of the respondent and his
wife until such time as he was reimbursed the purchase price when
he would convey the legal title to the land to respondent and his wife;
therefore, trial court erred in allowing summary judgment for peti-
tioners.

APPEAL by respondent from *Braswell, Judge,* 11 December
1972 Session of Superior Court held in HARNETT County.

This proceeding was instituted by petitioners, heirs at law
of William Barrett Lasater, deceased, before the Clerk of Su-
perior Court of Harnett County to partition lands allegedly
owned by the petitioners and respondent as tenants in common.
Respondent filed an answer admitting that he is a tenant in
common with petitioners of the first, second and third tracts
described in the petition but denying that petitioners have any
interest in the fourth tract described therein. Respondent and
his wife filed a counterclaim in which they alleged that they
were the owners of the fourth tract described in the petition
by virtue of a parol trust. Petitioners filed a reply to the counter-
claim denying the existence of a parol trust and moved for
summary judgment. Summary judgment for petitioners was
allowed on 11 December 1972, and the proceeding was remanded
to the Clerk of Superior Court of Harnett County for partition.
Respondent appealed.

*McLeod & McLeod by Max E. McLeod and J. Michael Mc-
Leod for petitioner appellees.*

*W. A. Johnson for respondent appellant.*

HEDRICK, Judge.

The record on appeal was docketed in this court more than ninety days after the judgment appealed from. Respondent's petition for *certiorari* is allowed.

Respondent contends the pleadings show there is a genuine triable issue as to whether he and his wife are the beneficial owners by virtue of a parol trust of a 2.6 acre tract of land described in the petition and a 7 acre tract of land allegedly conveyed to William Barrett Lasater in the tax foreclosure deed recorded in Book 430, Page 344, in the Office of the Register of Deeds in Harnett County.

In his answer, respondent denied that he and petitioners were tenants in common of the 2.6 acre tract of land and in his counterclaim, respondent alleged that:

"William Barrett Lasater purchased and acquired said lands [the 2.6 and 7 acre tracts] under an express agreement and understanding with this respondent and his wife under the terms of which the said William Barrett Lasater agreed that he would take such title to said lands as could be conveyed in consequence of said proceeding and hold the same in trust for this respondent and his wife until such time as they could reimburse him for the sum of Thirty-One Hundred Dollars ($3,100.) paid to the County of Harnett in consequence of said tax foreclosure, and the said William Barrett Lasater further agreed that upon the payment thereof he would transfer and convey to the said respondent and his wife, Louise Lasater, such right, title and interest as he, the said William Barrett Lasater, had acquired in said lands in consequence of said tax foreclosure proceeding and tax deed."

Respondent also alleged in his counterclaim that petitioners and William Barrett Lasater "did and have at all times recognized and acknowledged this respondent and his wife to be the beneficial owners of said 2.6 acre and 7 acre tracts"; that respondent and his wife have been in possession of and "have used, farmed and/or rented the same with the full knowledge and consent of . . ." William Barrett Lasater until the time of his death, "and with the full knowledge, consent and approval of the petitioners since the death of . . . William Barrett Lasater." Additionally, respondent alleged that he has at all times listed said

property for tax purposes and neither William Barrett Lasater nor petitioners have ever done so, and that the only claim William Barrett Lasater made to said lands during his lifetime was with respect to his right to be reimbursed for the $3,100.00 which he paid to Harnett County.

In their reply to the counterclaim, petitioners denied that respondent's wife had any interest in the property and alleged that they and respondent were tenants in common of not only the 2.6 acre tract of land described in the petition, but also of the 7 acre tract of land first mentioned by respondent in the counterclaim.

In 7 Strong, N. C. Index 2d, Trusts § 13, p. 422, it is stated:

"A parol agreement to purchase at a foreclosure or judicial sale and hold the title for the debtor, and to reconvey the legal title to the debtor upon repayment of the amount advanced, creates a resulting trust, provided the agreement is made at or before the time the legal estate passes."

In *Paul v. Neece*, 244 N.C. 565, 568, 94 S.E. 2d 596, 598 (1956), it is stated:

"[I]t is uniformly held to be the law in this State that where one person buys land under a parol agreement to do so and to hold it for another until he repays the purchase money, the purchaser becomes a trustee for the party for whom he purchased the land, and equity will enforce such an agreement."

At the time of entry of summary judgment, the court had before it only the pleadings of the parties which we hold show there is a genuine issue of material fact as to whether William Barrett Lasater agreed with respondent and his wife to purchase at the foreclosure sale the 2.6 and 7 acre tracts of land and hold the title thereto in trust for the benefit of the respondent and his wife until such time as he was reimbursed the purchase price when he would convey the legal title to the land to the respondent and his wife.

Although respondent's wife apparently signed the answer and counterclaim which was verified by her husband, the record before us does not indicate that she has been made a party to

this proceeding by an order of the court. Since our decision requires a trial of the issue raised by the pleadings, the parties may well consider taking appropriate action to clarify her status in the proceedings.

For the reasons stated, the judgment appealed from is

Reversed.

Judges BROCK and VAUGHN concur.